HOGATE ET AL. *v.* EDWARDS.

CONTRACT IMPLIED.—*Services Rendered by Attorney at Request of Client's Attorney.—Ratification.—Principal and Agent.*—The attorneys of one of the parties to an action, being non-residents of the county wherein the action was pending, and having no authority from their client to employ additional counsel, telegraphed to certain resident attorneys to file a certain pleading in such cause, on behalf of the client, which they, entering their appearance for the client, did. Certain interrogatories having been filed by the opposite party, directed to such client, the resident attorneys moved to strike them out, and, on the overruling of that motion, forwarded the interrogatories to the non-resident attorneys, who caused them to be answered by the client, and then returned them to the resident attorneys to be filed. When the cause came on for trial, the latter attorneys, without being requested so to do, but with the knowledge of the client, assisted the non-resident attorneys in empanelling the jury, in taking down evidence, and in consultations regarding the defence.

*Held,* in an action therefor, that the resident attorneys are entitled to recover from the client for their services.

From the Boone Circuit Court.

*T. W. Lockhart, E. G. Hogate* and *R. B. Blake,* for appellants.

NIBLACK, J.—Enoch G. Hogate and Richard B. Blake

sued John K. Edwards in the court below for services as attorneys, alleged to have been rendered for the said Edwards.

From the pleadings and the evidence, we may summarize the facts, as they were made to appear upon the trial, as follows :

On and previous to the 7th day of June, 1875, an action was pending in the Hendricks Circuit Court, in which John N. Shirley and William N. Crabb were plaintiffs, and the said John K. Edwards and James Dugan were defendants ; that Edwards, at that time and since, resided in Boone county, where Messrs. Clements & Wills, practising attorneys, first employed by him to defend the action, also resided ; that the plaintiffs were then and since residents of Hendricks county, and were practising law in that county as partners under the firm name of Hogate & Blake ; that, on the said 7th day of June, 1875, Clements & Wills, then attorneys for Edwards, and having reference to the cause above named, telegraphed the plaintiffs as follows :

"LEBANON, IND., 6—7, 1875.

" To Hogate & Blake, Danville, Ind. :

" In fourteen hundred and three file a separate general denial for John K. Edwards. Answer.

" CLEMENTS & WILLS."

That, as requested, the plaintiffs appeared in the Hendricks Circuit Court and filed an answer in general denial for Edwards ; that afterward the attorneys for the plaintiffs in that action filed written interrogatories in the cause, to be answered by Edwards, and the said Hogate & Blake again appeared to the action and moved to strike out those interrogatories ; that, "failing to get them struck out, they mailed them to Mr. Clements, who was senior counsel in the cause, and he had Edwards to answer them, and then returned them, thus answered, to Hogate & Blake to be filed in court ; that, before the trial came on, Wills went out of

the case, and Wesner, another practising attorney, took his place in the subsequent proceedings; that, when the cause came on for trial, Clements & Wesner and Hogate & Blake appeared and conducted the defence for Edwards, Hogate & Blake assisting in impanelling the jury; that Hogate took down the testimony and Blake was present giving attention to the case, both being present during the entire trial, lasting two days; that Edwards was also present during the entire trial, sitting with said attorneys, who were conducting his defence, and making suggestions from time to time to them, as to the management of his defence; that once during the trial Edwards was in the office of Hogate & Blake, talking generally with Clements, Hogate, and perhaps others, about the case and his defence; that nothing was said to Hogate or Blake during the progress of the cause, either by Clements or Edwards, or any one else, as to any fee or compensation which they were to or might receive for their services. As to these facts there was no conflict in the evidence.

Edwards testified, that, immediately after the trial of the cause against him and Dugan had been concluded, he inquired of Hogate about his fee, and that Hogate said Clements would settle with him. Hogate, in his testimony, denied this statement, and said that Edwards, just before he left the court-house at Danville, after the trial, remarked to him, "I will see you again;" to which he, Hogate, replied, "All right." Clements testified, that, since the trial above referred to, the plaintiffs, Hogate and Blake, had written to him two letters, which were either mislaid or lost, requesting him to settle their fee. Both Hogate and Blake, in their testimony, acknowledged that they had twice written to Clements concerning their fee, but asserted that in both those letters they requested Clements to see Edwards and induce him to pay it.

Upon this evidence, omitting here what was said as to

the value of the services sued for, and some merely incidental matters not necessary to be set out in this opinion, the court trying the cause found for the defendant, and, over a motion for a new trial, raising the question of the sufficiency of the evidence, rendered judgment for the defendant, upon the finding.

The only error assigned is upon the decision of the court in overruling the motion for a new trial.

As has been seen there was no conflict in the evidence as to the main and controlling facts in this case. The conflicting testimony was with regard to collateral questions, arising after the services were rendered for which compensation was demanded.

The question to be decided here is: Did the evidence, about which there was no conflict establish a valid claim against Edwards, for the services performed by Hogate & Blake? If it did, the judgment ought to be reversed. If not, then it must be affirmed.

The case of *Briggs* v. *Town of Georgia*, 10 Vermont, 68, was, in many respects, a very similar one to the one in hearing. In that case the court said: " If the attorney, who has the management of the suit, employ an assistant at the trial, and the client is present, and sees the person, thus employed, assist in managing and conducting the suit, the inference would be strong, if not irresistible, that he consented to such employment, and he would be liable for the fees of the assisting counsel."

In the case of *Brigham* v. *Foster*, 7 Allen, 419, which was an action for services as attorney, the court said:

" The mere fact that the plaintiff rendered professional services in favor of the defendant on the trial of a cause in which the latter was a party would not alone be sufficient to establish a legal claim for compensation therefor. Nor are we prepared to say that a retainer by the attorney of record in the suit would of itself bind the defend-

ant to pay the fees of counsel who were thus retained and who rendered their services in his absence and without his knowledge. This case has other elements in it, upon which an implied promise and legal liability may properly be held.to arise on the part of the defendant to make a reasonable compensation for the services rendered by the plaintiff. * * *

" The plaintiff was employed in the case through the agency of Porter, who was the attorney of record of the defendant in the suit, and who also had the management and preparation of the case for trial. The plaintiff, being thus introduced into the case, assumed the relation of counsel in the presence of the defendant, and conducted the case with his knowledge and participation, and the defendant consulted with him on the trial. This would ordinarily be quite sufficient to render the party liable for the services performed."

These cases seem to us to be well supported, both on principle and by authority, and are, we think, decisive of the case before us.

Whether Clements & Wills were authorized to employ assistant counsel or not, the conduct of Edwards upon the trial must be held to have amounted to an implied ratification of their employment of the appellants, and to have rendered him liable to the appellants for the reasonable value of their services. Dunlap's Paley Agency, 171; Story Agency, secs. 249 to 255 ; *Long* v. *Rodman,* 58 Ind. 58.

In our opinion, therefore, the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.