SAMUEL H. SEDGWICK ET AL., PLAINTIFFS IN ERROR, V. SOPHIA C. BLISS, DEFENDANT IN ERROR.

1. **Attorney and Client:** FEES. Where an attorney enters into a contract with a client to prosecute an action to final judgment for a stipulated sum, and such attorney employs a second one to assist him in the case, the client will not be liable for fees for such second attorney, unless he, in some manner, requests his employment or retention in the case.

2. ————: FEES OF ATTORNEY EMPLOYED TO ASSIST. Where an attorney residing in a particular county brought an action in the district court of another county, and after the filing of the petition wrote to a firm of attorneys in the county where the action was brought, requesting them to file the proper pleadings to make up the issues, and informed them that to enable them to do so his client would call upon them to state the necessary facts, and saying, "I will see you paid for your trouble," and the client thereupon called upon said attorneys a number of times, and they filed the necessary papers to make up the issues, and assisted in the trial of the case, and in procuring a decree for the client, nothing being said by her to them about the contract made by her with the attorney who filed the petition, and they had no knowledge of such contract, *Held*, That the client was liable for the fees of the attorneys employed to assist in the case.

3. ————: GUARANTY OF PAYMENT. A promise by a party to "see you paid for your trouble," is not an absolute promise to pay, but a guaranty that payment shall be made.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Sedgwick & Power, pro se,* cited : *McCrary v. Ruddick,* 33 Iowa, 524.

*France & Harlan,* for defendant in error, cited : *Ennis v. Hultz,* 46 Iowa, 76.

MAXWELL, J.

The plaintiffs constitute a firm of practicing attorneys at York, in this state, and bring this action against the

defendant to recover for services rendered to her in procuring a divorce from her husband. On the trial of the cause in the court below, there was a finding and judgment for the defendant, and a motion for a new trial having been overruled, judgment was rendered dismissing the action.

That the services set out in the petition were rendered to the defendant, is fully established by all the evidence. The case was contested, and occupied several evenings in the trial, and resulted in a decree of divorce for the defendant herein. These facts are practically admitted, but it is claimed that the services were rendered for one C. W. Kyle, an attorney in an adjoining county, and brother-in-law of the defendant, who, it is claimed, had undertaken to procure a divorce for the defendant for a stipulated sum, and who retained the plaintiffs to assist in the case. The testimony on this point shows that Mr. Kyle had filed the petition in that case, and about the time the answer was to be filed he wrote to the plaintiffs requesting them to look at the answer, and if impertinent or scandalous matter was inserted therein to take the necessary steps to expunge the same, or to file a reply, as they deemed best, and that the defendant would call upon them and state the necessary facts, to advise them as to her rights in the matter. He added, "of course I will see you paid for your trouble." The defendant thereupon called upon the plaintiffs a number of times, and they filed the necessary pleadings to make up the issues in the case, and assisted in the trial, and after a decree in favor of the defendant herein, rendered some service in perfecting a bill of exceptions of the defendant's husband, who seems to have contemplated an appeal to the supreme court. The Kyle letter was mentioned by both the plaintiffs and the defendant, but she did not inform them that she had entered into a contract with Mr. Kyle to procure a divorce for her for a stipulated sum, nor is there any evidence that the plaintiffs had such

knowledge. While that trial was progressing the defendant's father, in the presence of the defendant, stated to the plaintiffs that he would see that their fees were paid. The facts, therefore, as disclosed by the testimony, show that the defendant ratified the contract of employment of the plaintiffs by Kyle, and retained them as additional counsel to assist in making up the issues of the case and assisting on the trial. There is no doubt that if an attorney enters into a contract with a client to prosecute a certain action to final judgment for a stipulated sum, and such attorney employs another to assist in the case, and the client does not, either by word or act, request the employment or retention of such second attorney, the client will not be liable for the fees. It is no unusual thing, however, in a complicated or strongly contested case for a client to require additional counsel, and wherever he authorizes such employment, either by his words or acts, he will be liable for reasonable compensation therefor. "The laborer is worthy of his hire." In the case under consideration the promise of Mr. Kyle was not direct, but in the nature of a guaranty, clearly implying that the person for whom the services were rendered was primarily liable, and in our view she is so liable.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.