Allen v. Parish.

STEPHEN H. ALLEN *et al.* v. GEORGE W. PARISH.

No. 12,696. (70 Pac. 351.)

SYLLABUS BY THE COURT.

ATTORNEYS—*Fees for Services—Improper Evidence.* An attorney at law, representing a party having a case pending in this court, became ill and was unable to attend. With the consent of his client, he called on another lawyer to argue the case, but nothing was said about compensation for his services. There was a written contract between the attorney first mentioned and the client, by the terms of which it was agreed that the former should conduct the litigation for a stipulated fee. Of this contract the counsel appearing in this court had no knowledge. In an action against the client for compensation by the counsel representing him in this court, *held*, that the written contract was inadmissible in evidence on behalf of the defendant, and that the right to recover for services could not be affected by an understanding between the first attorney and the client that the attorney appearing here would do so without charge.

Error from Allen district court; L. STILLWELL, judge.   Opinion filed October 11, 1902.   Reversed.

*Campbell & Goshorn,* and *Allen & Allen,* for plaintiffs in error.

*Bennett & Morse,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action for the recovery of attorneys' fees.   Defendant in error entered into a written contract with the Honorable J. F. Thompson, a practicing lawyer residing in Iola, in which it was stipulated that for a certain sum the latter would carry through to final judgment an action brought by Parish to cancel a gas and oil lease on his land held by the Palmer Oil and Gas Company.

After a decree had been entered against the gas company in the district court, proceedings in error were prosecuted by the latter to this court.   The judgment of the court below was affirmed.   (*Palmer v. Parish,* 61 Kan. 311, 59 Pac. 640.)   The brief for this court was prepared by Judge Thompson.   The case was assigned for argument on December 6, 1899.   A day or two before that time Judge Thompson was taken ill. His client was informed that if he desired the case to be argued orally, other counsel must appear before the supreme court.   It was finally agreed that the Honorable Stephen H. Allen, of Topeka, should be called on to argue the case, which he did.   Nothing was said by Parish to Judge Thompson about payment to Judge Allen as compensation for his services.   Defendant in error testified that he presumed Judge Thompson would satisfy Judge Allen in some way, and that the understanding was that he (Parish) should have the benefit of Judge Allen's services with-

out cost to him.   Of such understanding the plaintiffs in error were not advised.   They understood that Judge Allen was to appear and argue the case in behalf of Parish, with no other agreement for payment than the law implies from the rendering of such services.

The court below instructed the jury that if, in the several conversations had between the defendant below and Judge Thompson, it was agreed that Judge Thompson should request Judge Allen to appear in the supreme court and argue the case, then Parish would be liable to the plaintiffs in the action.   The court below further instructed that if Judge Thompson gave his client to understand that he (Thompson) would defray the slight additional expense for counsel fees, or that the services would be rendered by Judge Allen as a matter of courtesy to a brother lawyer, then there could be no recovery in the action.   There were a verdict and judgment for the defendant below.

We think the court erred in giving the instruction, the substance of which is set out last above.   The theory adopted by the trial court leaves out of consideration the rights of Judge Allen to compensation which the law implies from the fact of his employment with the knowledge and consent of Parish, and allows him to be paid or not, as Judge Thompson and his client may have agreed in the absence of Judge Allen, and without any knowledge on his part of the agreement between them.   It was established on the trial that plaintiffs in error had no knowledge of the original contract between defendant in error and Judge Thompson which fixed the fees of the latter for carrying on the litigation.   The contract was admitted in evidence on behalf of the defendant below.   This we think was error.   If the defendant below desired to

escape a liability to plaintiffs in error, he should have informed them of his contract with Judge Thompson and given them the option of looking to the latter for payment of fees, or of not undertaking to assist in the presentation of the case to this court.

In *Brigham v. Foster*, 7 Allen, 419, it was held:

"A party to a suit, in which the employment of senior counsel is necessary, is liable for the reasonable value of the services of a counselor at law who acts as senior counsel at the trial, in his presence, in consultation with him, and without objection from him, under a retainer for that purpose by the attorney of record, although there was a secret agreement between him and the attorney of record that such services should be paid for by the latter." (See, also, *Hogate et al. v. Edwards*, 65 Ind. 372; *Sedgwick v. Bliss*, 23 Neb. 617, 37 N. W. 483.)

Plaintiffs in error had a right to suppose that they were working for Parish, and the latter must have known that compensation would be expected from him. He gave no suggestion which would induce a different belief.

In *Ennis v. Hultz*, 46 Iowa, 76, an opposite position was taken. We are quite well satisfied, however, that the rule of the former cases is supported by better reason.

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.