[No. 4997.]
[No. 2544 C. A.]

EMBLEM v. BICKSLER, McLEAN & BENNETT.

1. Attorney and Client—Fees—Contracts.

Defendant employed a nonresident attorney at a stipulated fee to bring a certain suit and authorized said attorney to employ associate counsel with a stipulation that the fees of such associate counsel should be paid by the nonresident attorney. Said attorney employed plaintiffs without any agreement as to fees and without any knowledge on their part of the agreement between defendant and said nonresident attorney as to their compensation. After plaintiffs filed the suit the nonresident attorney was dropped from the case and defendant corresponded directly with plaintiffs, in which correspondence he informed plaintiffs that the nonresident attorney was out of the case and urged them to attend to the suit and in one letter asked them what their fee would be. Plaintiffs did not fix their fee, but conducted the suit to a successful termination. Before the termination of the suit defendant wrote plaintiffs that the nonresident attorney was again in the case. Held that there was an implied promise on defendant's part to pay plaintiffs for their

services and he was liable to them for what such services were reasonably worth.

**2.  Practice—Directing Verdict—Harmless Error.**

Where the facts in a case were such that the court should have directed a verdict for plaintiff as a matter of law, the defendant cannot complain of the action of the court in submitting the issue to the jury.

*Appeal from the District Court of Arapahoe County: Hon. P. L. Palmer, Judge.*

Messrs. CARLON, SKELTON & MORROW, for appellant.

Mr. THOMAS H. HOOD, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action to recover attorneys' fees. Judgment for plaintiffs. Defendant appeals.

The plaintiffs are practicing lawyers in the city of Denver and defendant is a resident of Nebraska. The defendant employed Ambrose, a Chicago lawyer, to bring an action in the federal circuit court of Colorado to quiet title to his Colorado lands. The contract with Ambrose obligated defendant to advance all the costs of the action and to pay an attorney's fee of $150, $50 of which was paid Ambrose when the contract was made and the remainder was to be paid when the action was finally determined or its subject-matter adjusted. Authority was given to Ambrose to employ associate counsel, but, if employed, not at defendant's expense, but Ambrose must compensate him. Ambrose corresponded with plaintiffs, and requested their assistance in conducting the action, and they prepared and filed the complaint. Because of Ambrose's failure to send to plaintiffs the marshal's fee for serving process on defendants, practically nothing was done for about a year after the complaint was filed.

32

Upon inquiry of plaintiffs as to the status of the case, defendant learned of the delay and its cause, and entered into a correspondence directly with them in regard to it, and it is upon this correspondence alone that defendant's liability, the only issue in the case, is to be determined, for it is conceded that plaintiffs performed the services, and the amount of the fee claimed is reasonable.

The plaintiffs asked the court to direct the jury to return a verdict for them, and defendant requested a direction in his favor. The court refused both requests, and substantially charged the jury that, if they found from the evidence that plaintiffs were employed by defendant to act as attorneys in the action, they should return a verdict in their favor for the agreed value of their services; and in this connection said that it was not necessary for plaintiffs to establish an express contract of employment, but that the same might be proved by the acts and conduct of defendant and from such reasonable inference therefrom as, in the minds of the jury, was warranted.

From the correspondence and other uncontradicted evidence it appears that defendant first retained Ambrose upon the terms already stated. This arrangement as to the amount of fees and Ambrose's undertaking with respect to sharing them was never communicated by either party to the plaintiffs until after they had performed the services. Defendant knew that plaintiffs first came into the case in pursuance of the authority conferred upon Ambrose. But plaintiffs did not, at the time they performed the services, look to Ambrose for compensation, and were justified in believing that defendant would reward them. It is true that defendant did not expressly hire or agree to pay plaintiffs, but after having written to them, long after their entrance into the case, that he considered

Ambrose out of it, and thereafter repeatedly urged them to look after the litigation, although no specific fee was agreed upon, and no express employment shown, he should be held to pay a reasonable compensation.

In the letter of defendant to plaintiffs in which he states that Ambrose is out of the case defendant asked plaintiffs to state what fee they would charge for conducting it to a conclusion, to which plaintiffs responded that they would name the amount when defendant informed them fully of the facts. This the defendant never did, although thereafter, as well as before, he told the plaintiffs "by all means keep your eye on the case," which they did by conducting negotiations that ended in obtaining the relief asked for. Such other facts, if any, as apparently or really conflict with the foregoing do not militate against their legal effect.

Our conclusion is that the letters written to plaintiffs by defendant constitute an implied promise to pay the plaintiffs for services rendered. The law undoubtedly is that the mere retainer of counsel is not authority for him to employ assistant counsel at the expense of his client in the litigation in which he is engaged.—*Lathrop v. Hallett,* 20 Colo. App. 207.

This doctrine finds expression also in *Northern Pac. Ry. Co. v. Clarke,* 106 Fed. 794; *Sedgwick v. Bliss,* 23 Neb. 617; *McCrary v. Ruddick,* 33 Iowa 521; *Hogate v. Edwards,* 65 Ind. 372; and *Evans v. Mohr,* 153 Ill. 561. In *Brigham v. Foster,* 7 Allen 419, the rule is recognized, but it was there said that though a contract between the client and counsel first employed may require the attorney to pay additional counsel that may be engaged which binds the parties to it, yet if such agreement is withheld from such additional counsel, and the latter performs professional services in a case at the request of the original

attorney without any knowledge of such secret agreement, and the client knows of the rendition of the services and avails himself of the benefit, and consults with and adopts the latter as his counsel in the case, a valid contract to pay therefor may arise. The case in hand is certainly stronger in plaintiffs' favor than are the ones referred to in favor of associate counsel, because after defendant had written plaintiffs that Ambrose was out of the case he requested them to render these services, which they did, and consulted them as his attorneys, and availed himself and received the benefit of the same. The mere fact that afterwards he wrote them that "Ambrose was in again" and the other fact that the amount to be paid plaintiffs was not agreed upon are not important.

If the question as to whether there was an implied contract is one of law and not of fact under the undisputed evidence, and if the court should have directed a verdict in accordance with its determination of that question instead of submitting it for the jury to find, defendant is not harmed by either action of the trial court, for in denying the motion for a new trial it virtually held, as a question of law, that plaintiffs were entitled to recover. Indeed, we are clearly of the opinion that the court ought to have directed a verdict for plaintiffs. The judgment is right and should be affirmed.        *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.