(105 N. W. 233.)

---

J. D. BACON v. ROBERT MITCHELL AND CHARLES MITCHELL.

Opinion filed October 13, 1905. Rehearing denied January 5, 1906.

**Attorney and Client — Authority to Appear.**

1. The legal presumption is that an attorney has authority to appear for the person for whom he assumes to act.

**Same — Client Cannot Disclaim Authority When.**

2. A suitor who does not disclaim the authority of an attorney who assumes to represent him in an action, when it is his duty to do so, may not do so afterwards. He cannot take the hazard of a trial, and, when unsuccesful, allege as ground for vacating the judgment that the attorney who conducted the trial had no authority.

**Same — Attorney's Control of Remedy Is Exclusive.**

3. Under his general authority an attorney has the exclusive control of the remedy, and he may discontinue the action by a dismissal without prejudice, and his client is bound by his act.

**Attorney's Error No Ground for Vacating Judgment.**

4. An attorney's mistake of judgment as to the law or his ignorance of facts which he ought to have known is not sufficient ground for vacating a judgment of dismissal entered upon his motion.

Appeal from District Court, McHenry county; *Palda, J.*

Action by J. D. Bacon against Robert Mitchell and Charles Mitchell. Judgment for defendants, and plaintiff appeals.

Affirmed.

*A. M. Christianson* and *C. J. Murphy,* for appellant.

An attorney cannot delegate his authority or substitute another attorney in his place. Johnson v. Cunningham, 1 Ala. 249; Hitch-

cock v. McGehee, 7 Port. 556; Hendry et al. v. Benlisa, 37 Fla. 609, 34 L. R. A. 283; Morgan v. Roberts, 38 Ill. 65; Porter v. Elizalde, 57 Pac. 899; Cornelius v. Wash, 1 Ill. 98, 12 Am. Dec. 145; Crotty et al. v. Eagle, 35 W. Va. 143, 13 S. E. 59; Buckley v. Buckley, 18 N. Y. S. 607; Clegg v. Bamberger, 110 Ind. 536, 9 N. E. 700; McDowell v. Gregory et al., 14 N. W. 899; Antrobus v. Sherman, 21 N. W. 579; Danley v. Crawl, 28 Ark. 95; Kellogg v. Norris, 10 Ark. 18; Dickson v. Wright, 52 Miss. 585, 24 Am. Rep. 677; O'Connor v. Arnold, 53 Ind. 203; Masecar v. Chambers, 4 U. C. Q. B. 171.

Bringing suit without authority does not bind plaintiff. Atkinson v. Howlett, 11 Ky. L. Rep. 364; Hurste v. Hotaling, 20 Neb. 178; Robson v. Eaton, 1 T. R. 62.

One dealing with an agent must ascertain the fact and extent of his agency. Corey v. Hunter et al., 10 N. D. 5, 84 N. W. 570; Fargo et al. v. Cravens, 70 N. W. 1053.

An attorney, acting under a general employment, has no implied powers or authority to dismiss or compromise an action. Biglier v. Toy, 28 N. W. 17; Luce et al. v. Foster et al., 60 N. W. 1027; Erskine v. McIlrath, 62 N. W. 1130; Mayer v. Sparks et al., 45 Pac. 249; Porter v. Elizalde, 57 Pac. 899; Kilmer v. Gallagher, 84 N. W. 697; 3 Am. & Eng. Enc. Law (2d Ed.) 358; Flanagan v. Elton, 51 N. W. 967; Rhutasel v. Rule, 65 N. W. 1013; Steinkamp v. Gaebel, 95 N. W. 684; Hallack v. Loft, 34 Pac. 568.

An attorney cannot enter a retraxit or discontinuance concluding a client's rights except by express authority. 3 Am. & Eng. Enc. Law, 360; Crotty v. Eagle, supra; Flanagan v. Elton, supra; Steinkamp v. Gaebel, supra; Hallack v. Loft, supra.

Nor can he compromise client's case. McClintock v. Helberg, 48 N. E. 145; Dalton v. West End St. Ry. Co., 34 N. E. 261; Lewis v. Duane, 36 N. E. 325; Cox v. Adelsdorf, 51 S. W. 616; McMurray v. Marsh, 54 Pac. 852; Stoll v. Sheldon, 13 N. W. 201; Bigler v. Toy, 28 N. W. 17; Pitkin et al. v. Harris, 37 N. W. 61; Martin v. Capital Ins. Co., 52 N. W. 535; Smith v. Jones et al., 66 N. W. 19; Fosha v. Proser et al., 97 N. W. 925.

Where one compromises a claim or takes less than the full amount due thereon, he must investigate the authority of the attorney dealing with him. McClintock v. Halberg, supra.

One deals with an agent at his peril. Corey v. Hunter, supra.

In the absence of a statute, exhibit need not be attached to and returned with depositions, and may be identified by parol. Weeks

on Dep., sections 527, 358, 194; Dailey v. Green, 15 Pa. St. 118; Mobley v. Leonart, 51 Ala. 587.

Same as to a pleading. Whitworth v. Malcomb, 82 Ind. 455; Carper v. Kitt, 71 Ind. 24; Wall v. Garvin, 80 Ind. 447; Read v. Broadbelt, 68 Ind. 91.

The judgment was rendered against the plaintiff herein, and the cause dismissed through inadvertance, mistake or surprise; and the judgment should have been vacated and the cause reinstated under the provisions of section 5298, Rev. Codes 1899. Downing v. Still, 43 Mo. 309; 1 Black on Judgments, 77, 319; Palace Hardware Co. v. Smith, 66 Pac.. 474; Brackett v. Banegas, 34 Pac. 344; Vermont Marble Co. v. Black, 38 Pac. 512; Flannagan v. Elton, supra; Holbrook v. Nichol, 36 Ill. 161; Farnham v. Jones, 32 Minn. 7; Shaw v. Henderson, 7 Minn. 480, 7 Gil. 386.

Negligence of an attorney is sufficient ground to vacate a judgment, if client himself is not directly at fault. Hanson v. Mikelson, 19 Wis. 498; Babcock v. Perry, 4 Wis. 31; 1 Black on Judgments, section 341; Ordway v. Suchard, 31 Iowa, 481; Benwood v. Tappan, 56 Miss. 659; People v. New York, 11 Abb. Pr. 74; Sharp v. Mayor, 31 Barb. 578; Baron v. Cohen, 62 How. Pr. 367; Herbert v. Lawrence, 21 Civ. Pro. 336; Quin v. Lloyd, 36 How. Pr. 378; Dalton v. West End St. Ry. Co., supra; Flannagan v. Elton, supra; Palace Hardware Co. v. Smith, supra; Hine v. Grant et al., 96 N. W. 796; Norton v. Atchison, T. & S. F. Co., 97 Cal. 388, 30 Pac. 585.

Although there be no fraud or mistake, a court may relieve from a stipulation, or judgment entered thereon, inadvertently, unadvisedly or improvidently entered into, to one's prejudice, if the parties can be restored to the existing condition at time of the agreement. 20 Enc. Pl. & Pr. 664; McClure v. Sheek's Heirs, 4 S. W. 552; Ward v. Clay, 23 Pac. 50; Porter v. Holt, 11 S. W. 494; Keens v. Robertson, 46 Neb. 837, 65 N. W. 897.

*LeSueur & Bradford,* for respondent.

Christianson was employed to try the case, as appears from his and Murphy's affidavit. He has conducted this appeal alone, and where his attorney began or ended does not appear, but he is in charge of this appeal. When an attorney has an appointment in two places at the same time, he may hire another to attend at one of them.

YOUNG, J. Action upon a promissory note. Issue was joined by service of answer November 27, 1901. In March, 1903, by leave of court, an amended answer was served. The case came on for trial regularly before a jury at Towner, McHenry county, at a regular term of the district court of that county, on June 27, 1903. At the request of C. J. Murphy, an attorney at law, residing in the city of Grand Forks, who was plaintiff's attorney of record, one A. M. Christianson, an attorney, residing in Towner, appeared and conducted the trial for plaintiff. After introducing considerable· evidence, both oral and documentary, but before the case was formally submitted, Christianson moved to dismiss without prejudice, a course which was induced by the imperfect condition of certain depositions which he deemed essential to establish the plaintiff's case, and judgment of dismissal was duly entered. Thereafter an order was issued to defendants to show cause why the judgment should not be set aside and the case reinstated for trial. The grounds of the motion were set out in a number of affidavits made by Christianson, Murphy and others, in which it was made to appear that the plaintiff did not engage Christianson to try the case; that he was merely engaged by Murphy, and had, therefore, as plaintiff's counsel contend, no legal authority to act for plaintiff or to move to dismiss; and that unless the judgment of dismissal is set aside, and the case reinstated, the statute of limitations will be a complete defense to another action on the note. The motion to vacate was denied, and plaintiff appeals from the order.

We are of opinion that the court did not err in making the order in question. In reaching this conclusion is it unnecessary to discuss the extent of an attorney's authority to employ a substitute or subordinate. Upon the facts of this case the correctness of the order does not turn upon that question. The real question is whether the plaintiff can be heard to say that Christianson was without authority to represent him. We are agreed that he cannot. Christianson is a regularly licensed attorney. Presumptively an attorney has authority to represent the person whom he assumed to represent. Weeks on Attorneys, section 196, and cases cited. Also, 4 Cyc. 928, and cases cited. The business of the courts is transacted upon this assumption. It is not necessary, in the first instance, for the court or counsel for the adverse party to demand proof of the authority of an attorney to act. "The burden is upon the person denying the authority." In this case it was upon the plaintiff. He did not disclaim Christianson's authority, but permitted the

case to proceed to trial without objection to his appearance. The trial judge and defendant's counsel assumed that he had authority to represent the plaintiff. They had a right to rest upon the presumption of authority. The plaintiff instituted the action and invoked the jurisdiction of the court. The case was regularly reached for trial. The record does not show affirmatively that the plaintiff was present at the trial. That fact, however, is not material. It was his duty to attend the trial in person, or by an authorized representative. A failure to appear is deemed an election to become nonsuit. Thompson on Trials, section 2229; Nordmanser v. Hitchcock, 40 Mo. 179. If Christianson had, in fact, no authority to appear for him, it was his duty to disclaim his assumption of authority. He cannot be permitted to say, after taking the hazard of a successful issue of a trial, that the attorney who assumed to represent him had in fact no authority. See Bingham's Trustees v. Guthrie, 19 Pa. 418, 424; Christman v. Moran, 9 Pa. 487. He is in no worse position than he would have occupied had Christianson not assumed to represent him.

It is also urged that the general authority of an attorney does not include the power to discontinue the action, and that the judgment of dismissal without prejudice, which was entered on Christianson's motion, should therefore be set aside. This contention is based upon an erroneous view of an attorney's general authority. True the cause of action itself is under the control of the client. Paulson v. Lyson, 12 N. D. 354, 97 N. W. 533. But the attorney "has the free and full control of a case in its ordinary incidents. * * * He has the exclusive conduct and management of the suit. He cannot give a release or discharge the cause of action; but he has exclusive control of the remedy, and may continue or discontinue it." Weeks on Attorneys, section 220. "He may discontinue an action because that relates to the conduct of the suit and is within his retainer, and not to the cause of action." Barrett v. Railroad Company, 45 N. Y. 628, 635; Gaillard v. Smart, 6 Cow. (N. Y.) 385; McLeran v. McNamara, 55 Cal. 508; Simpson v. Brown, 1 Wash. T. 247; Nightingale v. Company, Fed. Cas. No. 10,264. The Supreme Court of Iowa, in Rhutasel v. Rule, 65 N. W. 1013, said that authority to dismiss must be specially conferred; and in Steincamp v. Gaebel (Neb.) 95 N. W. 684, the language of the Iowa court was quoted with approval. In our opinion that view is unsound in principle and against the weight of authority. The question as to whether an action shall be dismissed relates to

the conduct of the suit and to the remedy—a question frequently arising in all courts, and is one peculiarly addressed to the skill, knowledge and judgment of the attorney. When the alternative is presented of a probable defeat upon the merits, as in this case, or a dismissal without prejudice, thus saving the cause of action, it is for the attorney to decide, as one of the incidents of the trial, and in the performance of his duty to his client, which course to pursue. In this case the attorney elected to dismiss. In so doing he did not destroy his client's cause of action. The fact that the statute of limitations has run, if that is the fact, and may be pleaded in another action, does not affect the question. The plaintiff's cause of action is intact. The statute of limitations relates solely to the remedy, and does not destroy the cause of action. Col. & U. S. Mortgage Co. v. Northwest Thresher Co., 14 N. D. 147, 103 N. W. 915, 918. Even if the dismissal was in fact ill advised and was made without a realization on Christianson's part that the evidence he had offered and had at hand was sufficient to prove the plaintiff's case, and in ignorance of the fact that the statute of limitations would be available as a bar in another action, as stated in the moving affidavits, still this does not furnish sufficient reason for vacating the judgment. It merely presents a mistake of judgment as to the law or ignorance of facts which he ought to have known. The following language of the Supreme court of Wisconsin, in Juneau County v. Hooker, 67 Wis. 322, 30 N. W. 357, a similar case, in denying an application to reinstate, is directly applicable and meets our full approval: "It was ignorance of either the law or of a fact that the learned counsel of the respondent ought to have known, and might readily have known, before the discontinuance of the action. Suppose a plaintiff should voluntarily discontinue his suit because at the time he should be of the opinion that he could not maintain it, and he afterwards had formed a different opinion; would such a reason be a good one for reinstating the action, and for the court to treat the defendant 'as being in court and out of court at the same time,' and for the court 'to suffer the proceedings to be trifled with, even if parties were disposed to back and fill and to vacillate in the conduct of the suit,' as the present chief justice said in his opinion in the above case in 12 Wis. ?"

In moving to dismiss without prejudice an attorney acts within his authority, and the client is bound by his act. If the client is injured, his remedy, if any he has, is against the attorney alone.

Weeks on Attorneys, section 220, and cases cited at note 5. We find no abuse of discretion in the refusal to vacate the judgment. The order appealed from is accordingly affirmed. All concur. (106 N. W. 129.)