## RIEBOLD v. HARTZELL.

### (136 N. W. 247.)

**Judgment— process — quieting title.**

A judgment entered by default in plaintiff's favor in 1906, but void for want

---

Note.—The question of the effect of the unauthorized appearance of an attorney in an action is treated in notes in 21 L.R.A. 848, and 75 Am. Dec. 145.

of jurisdiction, was three years later on motion vacated after service of moving papers on the attorney who subscribed the original summons and complaint and thereafter brought on for trial, other attorneys appearing at the request of such former attorney of record but without employment by plaintiff, who had no knowledge of any proceedings taken after entry of the void judgment presumed by him to be valid. Plaintiff was a nonresident. Without notice to him after a purported trial on the merits in 1909, of which he was ignorant, judgment was rendered in defendant's favor quieting title against plaintiff. All attorneys under the circumstances shown in the record acted in good faith. The former attorney of record was incapacitated, by sickness, from attending personally to the matter, employing other attorneys so to do who were ignorant of plaintiff's whereabouts; plaintiff's attorney having died pending the litigation. Promptly upon notice of the rendition of the second judgment, plaintiff applied for its vacation, with leave to proceed to trial on the merits, and upon the denial thereof appeals. *Held:*—

(1) That the judgment first entered was void for want of jurisdiction of the defendant.

**Action — summons and complaint — dismissal.**

(2) That under § 6884 the action was in law deemed discontinued after sixty days had elapsed from the filing of the affidavit for publication without personal service of the summons, on the first publication thereof having been made.

**Attorney and client — substitution of attorneys.**

(3) Conceding, without deciding, that the authority by employment of the attorney to institute the action was sufficient from which his authority would be presumed to continue, and as such assuming that he remained an attorney of record, authorities under § 7337 to accept service of the application served upon him in 1909 to vacate said judgment, and conceding the application of that statute to this case deemed discontinued long prior thereto under § 6884, nevertheless said attorney of record would have no authority to employ other attorneys to act for him in his behalf, as was done in representing the plaintiff on the trial of said action; and consequently the appearances made by such unauthorized substituted attorneys, and stipulations made by them, are void, and not binding under this record upon plaintiff. The application is therefore to be treated as one to vacate a judgment rendered by default.

**Judgment — record.**

(4) The record conclusively establishes want of knowledge in plaintiff of any proceedings had after the entry of the void judgment, until after notice of the entry of the voidable judgment from which plaintiff applies to be relieved.

**Attorney and client — presumption of continuance of employment.**

(5) Soon after the entry in 1906 of the void judgment, plaintiff paid said attorney of record in full for fees and costs, discharging him and terminating his employment. This destroys any contrary presumption of the continuance of

such employment of the attorney of record, and relieves plaintiff from the later unauthorized acts of said attorney of record, being in law imputed to plaintiff.

**Judgment — proof.**

(6) The second judgment, while apparently regular as rendered after notice of trial served on the attorney of record and counsel appearing, on proof of want of authority in them to represent plaintiff, and his want of knowledge thereof, in the absence of any ratification of their acts and under plaintiff's repudiation thereof, is voidable, and should, on plaintiff's application, seasonably made, be vacated.

**Judgment — vacation.**

(7) Under the showing made on this application, plaintiff being without fault before or since the entry of said judgment against him, he should, under § 6884, be relieved from said judgment and be permitted a trial on the merits.

Opinion filed May 2, 1912.

Appeal by plaintiff from an order of the District Court for Dickey County, *Allen,* J., denying his motion for vacation of a judgment in favor of defendant Hartzell in an action brought to quiet title to certain land.

Reversed.

*E. E. Cassels* and *Carmody & Perkins,* for appellant.

The appellant was not in fault, as S. G. Cady had ceased to be his attorney on the entering of judgment. 4 Cyc. 940; Berthold v. Fox, 21 Minn. 51; Smith v. Cunningham, 59 Kan. 552, 53 Pac. 760; Treasurers v. M'Dowell, 1 Hill, L. 184, 26 Am. Dec. 166; Bathgate v. Haskin, 59 N. Y. 533; Sturgiss v. Dart, 23 Wash. 244, 62 Pac. 858; Freeman, Judgm. § 103; 1 Am. & Eng. Enc. Law, 953.

Appellant was diligent in making the motion to vacate the judgment. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 385; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581.

*Charles E. Wolfe* and *Rourke & Kvello,* for respondent.

Respondent's notice of motion to vacate the first so-called judgment, and his notice of trial, were properly served on S. G. Cady as the attorney of record. Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; 23 Cyc. 953; Phelps v. Heaton, 79 Minn. 476, 82 N. W. 991; Merritt v. Putman, 7 Minn. 493, Gil. 399; Merriam v. Gordon, 17 Neb. 325, 22 N. W. 565; McConnell v.

Brown, 40 Ind. 384; Bonnifield v. Thorp, 71 Fed. 924; Nichells v. Nichells, 5 N. D. 126, 33 L.R.A. 515, 57 Am. St. Rep. 540, 64 N. W. 73.

Goss, J. This appeal is from an order of the district court denying plaintiff's application to vacate a judgment against him entered in favor of defendant, Hartzell. The application made and its review on this appeal is based on the following record:

In the early part of 1906 plaintiff employed one, S. G. Cady, then a practising attorney at law resident at Oakes, North Dakota, to institute an action against defendant, Hartzell, and one Day, to quiet title to land described as the southeast quarter of section 2, township 130 N. of range 59 W. in Dickey county. Plaintiff was then, and at all times since has been, and now is, a resident of Minnesota. He employed Cady by mail. Cady and plaintiff were strangers and this their only business transaction. Cady began this entitled action by issuing a summons in due form, accompanied by the statutory form of complaint to quiet title, and procured a judgment to be entered on July 18, 1906, on findings of fact and conclusions of law dated June 26, 1906, quieting title in plaintiff. The summons was attempted to be served by publication. Affidavit of publication of summons and affidavit of mailing was filed, but the complaint in the action was not verified until June 27, 1906, after the date of the findings, and the verified complaint was not filed in the office of the clerk of the district court until the 18th day of July, 1906, the date of entry of judgment. Soon thereafter, upon Cady advising plaintiff that judgment was entered, plaintiff paid him the costs incurred in the proceedings, and his fees, and ended his employment. Nearly three years later, upon motion supported by affidavits and accompanied by answer, defendant, Hartzell, brought on for hearing on May 8, 1909, before the district court, an application to vacate its judgment entered in 1906, with leave to serve and file his answer, which moving papers were served upon Cady as the attorney of record in the action. No one appeared on the hearing to oppose the application, and an order was entered vacating for want of jurisdiction the former judgment, and ordering the answer and cross complaint of defendant, Hartzell, to stand "without further service of the same upon the plaintiff, and that the issues be tried and determined"

on the issue presented by the old complaint and said answer. Service of this order at Oakes, North Dakota, on May 22, 1909, was admitted by Cady as attorney for plaintiff. Notice of trial was likewise admitted by him, and pursuant thereto the action came on for trial at the June, 1909, term of said court, and was called for trial July 1, 1909. A stipulation by attorneys Cady, by Youker & Perry, and Rourke & Kvello, was then entered into, upon which, with certain testimony, defendant, Hartzell, rested his case. But a further stipulation under date of December 16, 1909, was made, signed by Cady by the firm of Youker & Perry as attorneys for plaintiff and Rourke & Kvello, attorneys for Hartzell, bringing in further testimony, whereupon the case was closed and findings of fact, conclusions of law, and order for judgment, dated January 6, 1910, were found and filed by the court, pursuant to which judgment was entered January 18, 1910, quieting title to said land in Hartzell. Notice of entry of judgment was served, with service admitted February 7, 1910, by Youker & Perry appearing for S. G. Cady.

On April 28th following, service was had upon the attorneys for defendant, Hartzell, of an application to vacate said judgment, supported by affidavits, plaintiff appearing by his present counsel. These affidavits upon which hearing to vacate was had May 11, 1910, disclose conclusively that this plaintiff has had no actual knowledge whatever of any of the proceedings concerning the vacation of the judgment rendered in 1906, and the subsequent trial of the action as between him and Hartzell. That Cady's employment was terminated in July, 1906, and that all acts done by him thereafter were wholly unauthorized and without plaintiff's knowledge. That he has always been a nonresident of this state. That he has, pending these proceedings, conveyed this land by a deed containing covenants of general warranty. That plaintiff, for the first time, learned of the proceedings had subsequent to the vacation of the judgment of 1906 on the last day of February, 1910, from his purchaser, one Brennan, who had on February 18th received information of the entry of the judgment in favor of Hartzell. That plaintiff forthwith employed counsel and took steps to learn the facts concerning said matter, and in April following noticed said application for vacation of the judgment rendered against him. Accompanying plaintiff's affidavit is that of attorney Youker, explaining the connection of his firm with the record to have been brought about under

the following recited facts: "That for more than a year prior to June 1, 1909, S. G. Cady was sick at his home in Oakes, and for several months next prior to said June, and continuously thereafter up to the time of his death in March, 1910, said Cady was entirely incapacitated from attending to his regular business; and that a few days before the opening of the June term of court, 1909, said Cady requested affiant to appear for and act for him in all cases which he had on the calendar at said term, and that the action above entitled is one of the cases so on said calendar. That at said time the said Cady told this affiant that he would have the plaintiff, Riebold, write to this affiant in relation to said estate. That affiant was not acquainted with said plaintiff, and did not then know his address or at any time since. That this affiant has never at any time received any communication from said plaintiff or any one on his behalf other than the said Cady, and in entering the appearance of his firm and in all subsequent steps taken in relation thereto he was acting solely pursuant to the directions of Cady." "That at the said time said Cady stated to affiant that he would have plaintiff take this matter up with him. From such conversation affiant got the impression that said plaintiff resided in the vicinity of Oakes, the place of said Cady's residence, and that said plaintiff would be present at the trial of said cause. That when the said cause was called for hearing all that affiant knew relative thereto was what was disclosed by the records and files in the various county offices wherein the land was situated." There is also presented a letter written from Iowa by one Morgan, purporting to having been employed to represent a subsequent transferee of the land, one Fleshman, and showing knowledge of the pendency of the litigation, and under date of December 27, 1909, inquiring concerning it, but concerning which letter and employment plaintiff, Riebold, denies all knowledge. Accompanying the affidavits is a showing that plaintiff or his grantors have paid the taxes on said premises for the years including 1892 down to and including 1905. Accompanying the application is a lengthy and technically sufficient affidavit of merit wherein plaintiff deraigns his title in him to the exclusion of any interest in the land by Hartzell, and shows plaintiff's utter want of knowledge of proceedings had subsequent to the entry in 1906 of what he assumed to be a valid judgment in his favor in this entitled action. The trial court denied the application to vacate and

plaintiff's request therein made that he be thereafter afforded a trial of his case on the merits. From this denial plaintiff appeals.

We will here state that we believe and find that all parties and attorneys in this action have acted in good faith, with no intent to defraud or to, by sharp practice, wrongfully prevail in this action. Mr. Cady evidently procured the entry of the judgment in 1906 under the honest belief of its validity; and plaintiff, relying on the judgment, in ignorance of its jurisdictional defects, believed title in him to be quieted by said judgment. Plaintiff was a nonresident of the state. The attorneys for defendant, Hartzell, served upon attorney Cady the moving papers to vacate said judgment, as they had a right to do. Attorney Youker's affidavit established the sickness of Cady and his incapacity to care for the litigation, and accounts for Youker & Perry's appearance unauthorized by plaintiff. Mr. Cady's sickness satisfactorily explains the failure of plaintiff to receive from him notice of such subsequent proceedings, and Youker's ignorance of plaintiff's whereabouts and probable reliance upon Cady to procure plaintiff to be present under the supposition that plaintiff was a resident in that vicinity, likewise exonerates his firm from criticism. Under the circumstances, although the acts and appearances made in good faith, but nevertheless unauthorized by these attorneys appearing for plaintiff, while misleading defendant and counsel, also acting in good faith, the proof is conclusive that plaintiff is in no wise at fault, has not been guilty of laches before or since the entry of this last judgment; and also that it is his property that will respond to and virtually be confiscated without trial by this judgment.

The law governing our decision is plain. Cady was employed as plaintiff's attorney to institute and presumably prosecute to a successful finish the action originally brought. It is equally certain that what he did amounted to but the issuance of a summons and complaint, and the filing of the same with the clerk of the court. The purported judgment was not merely voidable, but wholly void, for want of jurisdiction apparent from the noncompliance with statutory jurisdictional requirements. Prior to the entry of judgment therein, the action was in law deemed discontinued under § 6884, Rev. Codes 1905, as more than sixty days had then elapsed after the filing of the affidavit for publication without personal service of the summons or the first publica-

tion thereof having been legally made. In law nothing was done other than the filing of the summons, complaint, and such affidavit with the clerk. Though the action should be deemed discontinued, and still though we may presume thereafter a continuance of the employment to have existed, until defendant in 1909 served the application to vacate and thereafter join issue, yet such presumption must fail in the face of the proof, *aliunde* the record and now before us, that Cady's employment was ended in July, 1906, and thenceforth he was not in fact the attorney and as such the agent of this plaintiff. It is true, as defendant claims, no written notice of termination of such employment or substitution of attorney was filed. Equally true it is that no reason existed for plaintiff taking such action. The nature of the supposed judgment obtained was one quieting title and under which no personal claim against others for costs or otherwise could be asserted. The land, title to which was so quieted in plaintiff, could not be sold or encumbered legally by Cady. There was no satisfaction of judgment that could be entered owing to the form of the judgment. Hence, it was beyond Cady's power, had the judgment been valid, to have in any way jeopardized plaintiff's rights in the land after the entry of that judgment. Of this the defendant had notice when he served this application to vacate said judgment. But defendant asserts that the statute, § 7337, providing for service on a nonresident by service on his attorney of record, "specifically requires" the service as made upon Cady to be made upon him. Granting that the statute here applies, and Beach v. Beach, 6 Dak. 371, 43 N. W. 701; and Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095, construing it, authorized service of motion to vacate the void judgment upon Cady, they are not authority for binding plaintiff thereby in proceedings beyond the vacation of such judgment. And it follows that, in proceeding beyond that limit, the judgment obtained was at most but voidable as irregularly entered upon authority apparently but actually not binding upon plaintiff. But the second judgment on the face of proceedings had is valid, though voidable under the proof that the same was rendered without due process of law, and without legal trial having been either had or in law waived. Such judgments, even though rendered without actual service of process upon the defendant or the party against whom they are rendered, are often upheld when an appearance has been entered by an unauthorized attorney, as where

the party fails to take prompt action to be relieved from the judgment, or by act has ratified the unauthorized appearance or otherwise estopped himself from asserting the invalidity of such voidable judgment.

But no issue is here presented other than the effect of the unauthorized appearance of these purported attorneys for plaintiff. In this respect the case stands as though no appearance had been entered, notwithstanding the acts of Youker & Perry in attempting to represent Mr. Cady, who in turn was supposed to be plaintiff's attorney. "The relation of attorney and client is a relation of agency, and in its general features is governed by the same rules which apply to other agencies." Mechem, Agency, § 808; 4 Cyc. 932; Gibson v. Nelson, 31 L.R.A. (N. S.) 523, and note (111 Minn. 183, 137 Am. St. Rep. 549, 126 N. W. 731). "Wherever . . . a regularly admitted attorney appears for a party in a cause the presumption is that such appearance is authorized." Mechem, Agency, § 809; note to Williams v. Johnson, 21 L.R.A. 848; 2 Enc. Pl. & Pr. 679; Vilas v. Butler, 9 L.R.A. 844, and note; Bacon v. Mitchell, 4 L.R.A.(N.S.) 244, and note (14 N. D. 454, 106 N. W. 129). But "in accordance with well-settled principles of agency therefore the rule is rigidly adhered to that those powers committed to an attorney which involve the exercise on his part of judgment or discretion . . . cannot be delegated by him to another without the consent of his client." Mechem, Agency, § 814. The employment of other attorneys not being within the scope of his proper duties and powers, it does not bind his client as to their conduct unless ratified. Subdivision 2, § 502, Rev. Codes 1905. "So third persons dealing with such substitute would acquire no rights against the client inasmuch as such substitute is the agent of the attorney only, and not of his client." Mechem, Agency, § 814; 4 Cyc. 950. "As an attorney is chosen with particular reference to his fitness and capacity, the established doctrine of agency that *delegatus non potest delegare* applies to him with especial force. So, it has been held that an attorney employed to prosecute a suit cannot delegate his authority to another attorney." Cornelius v. Wash, 12 Am. Dec. 145, and note (Breese [Ill.] 63); Morgan v. Roberts, 38 Ill. 65; Jerome v. Bigelow, 66 Ill. 452, 16 Am. Rep. 597; Tobler v. Nevitt, 45 Colo. 231, 23 L.R.A.(N.S.) 702, 100 Pac. 416, 16 Ann. Cas. 925, 132 Am. St. Rep. 142, and note on page 160 collecting numerous authorities. 4 Cyc. 986, reading: "As

an attorney has no implied power under a general retainer to employ associate counsel, the client is not liable to counsel so employed." It cannot be assumed or argued that any express power to employ associate counsel was ever conferred upon Cady by plaintiff, inasmuch as no occasion to employ such associate counsel ever arose until three years after Cady's employment was by plaintiff terminated. The unauthorized acts of Youker & Perry performed in the name of Cady, who from sickness did not personally act, are void and in no wise bind plaintiff. For recent holdings supporting this conclusion and rendering it uncontrovertible, see Gillilland v. Brantner, 145 Iowa, 275, 121 N. W. 1047; Bentley v. Fidelity & D. Co. 75 N. J. L. 828, 69 Atl. 202, 15 Ann. Cas. 1178, 127 Am. St. Rep. 837, and elaborate note; Emblem v. Bicksler, 34 Colo. 496, 83 Pac. 636; Chicago & S. Traction Co. v. Flaherty, 222 Ill. 67, 78 N. E. 29, reported in Cyc. Annotations. And this instant case is an apt illustration of the reason for, and the soundness of, the undisputably established rule that an attorney at law is not allowed to delegate his duties to a third person who may be, as here, wholly unfamiliar with the details of the case, even to the extent of being ignorant of the residence of the client to be bound by his acts. The judgment being voidable because of the established want of authority of Cady to represent plaintiff, it must be vacated on such grounds on plaintiff's application made.

Again, conceding the regularity of the service of the notice to vacate upon Cady, as purported attorney of record, nevertheless the case stands before us as a judgment thereafter taken by default through no fault of plaintiff, without his knowledge of the pendency of such proceedings, with no laches or unreasonable delay on his part intervening after judgment and before his application to vacate the same, and with plaintiff showing prima facie an apparent ability to establish on trial a cause of action in his favor concerning the subject-matter by default judgment determined adversely to him. Judicial discretion exercised on an application to vacate a default judgment, where such discretion may be exercised, should tend to a reasonable degree toward permitting a trial on the merits. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228. But under these facts no discretion existed in the trial court to do aught but comply with the statute (§ 6884), and relieve plaintiff from such judgment taken against him by default, plaintiff having

23 N. D.—18.

brought himself squarely within its terms, conceding, without holding, that the court had jurisdiction to enter the judgment sought to be vacated.

The order appealed from is reversed, and the judgment entered against plaintiff is directed to be vacated. Defendant having in his application appeared below and asked for trial on the issues involved in the action, jurisdiction existed thereafter of the person of defendant, under § 6850. And no trial having been had, this case is remanded for trial on the merits. Judgment for taxable costs of this appeal will be entered in favor of plaintiff and against defendant, Hartzell. Let judgment be entered accordingly.