[File No. 7028]

LEWIS H. MOE, Ella M. Leiseth, Ann H. Sater, Julia B. Olson, and Harold M. Moe, Respondents, v. J. J. ZITEK and Charles Hoerauf, Appellants, and McKenzie County, one of the political subdivisions of the State of North Dakota; Betsey Misemer and Halvor L. Moe, Defendants.

(27 NW2d 10)

Opinion filed April 9, 1947

*P. C. Arildson* and *George F. Shafer*, for appellants.

*Walter O. Burk,* for respondents.

Morris, J. The defendants J. J. Zitek and Charles Hoerauf appeal from an order of the District Court vacating a judgment that had been entered on August 9, 1943.

The action was commenced on July 8, 1941, in the name of Lewis H. Moe, Ella M. Leiseth, Ann H. Sater, Julia B. Olson, and Harold M. Moe, as plaintiffs against J. J. Zitek, Charles Hoerauf and McKenzie County as defendants. The summons was issued by Ivan V. Metzger, attorney for the plaintiffs, and was accompanied by a complaint asking that title be quieted in the plaintiffs to a quarter section of land in McKenzie County. The complaint was verified by Ivan V. Metzger who stated in his affidavit of verification ". . . that he is the attorney for the plaintiffs in the above entitled action and makes this Affidavit for and on behalf of the plaintiffs; . . ." The defendants demurred to the complaint. On December 15, 1941, the Court entered an order overruling the demurrers of the defendants and giving them thirty days in which to answer. Within that time the defendant McKenzie County answered through its attorney W. A. Jacobsen, and the defendants Zitek and Hoerauf answered through their attorney P. C. Arildson. The latter

two defendants also filed a cross-complaint setting out that they were the owners of the premises involved in the suit and asking that they be adjudged to be the owners thereof and title be quieted in them as against the plaintiffs.

The matter came on for trial in the District Court of McKenzie County April 11, 1942. The plaintiffs did not testify and with the exception of Julia B. Olson none of them was present at this trial. After the Court had heard several witnesses, including Halvor L. Moe, father of the plaintiffs, and Betsey Misemer, a sister of the plaintiffs, the Court granted a motion of Zitek and Hoerauf that Halvor L. Moe and Betsey Misemer be made parties of the action. They were given thirty days within which to plead and within that time served and filed their separate answers through their attorney Ivan V. Metzger.

The trial of the case was resumed on December 11, 1942, upon the issues arising under the separate answers of Halvor L. Moe and Betsey Misemer. The plaintiffs again did not appear in person. Ivan V. Metzger appeared as their attorney. He also appeared as the attorney for Halvor L. Moe and Betsey Misemer who appeared in person. Zitek and Hoerauf appeared in person and by their attorneys P. C. Arildson and J. S. Taylor. On January 21, 1943, the District Judge made a memorandum opinion reviewing the case and directing counsel for the defendants Zitek and Hoerauf to prepare findings of fact, conclusions of law and order for judgment in behalf of these defendants. On July 3, 1943, Ivan V. Metzger died. On August 9, 1943, the District Judge signed findings, conclusions and order for judgment in favor of Zitek and Hoerauf. On the same day judgment was entered quieting title in these defendants. On August 12, 1943, personal service of notice of entry of judgment was acknowledged by Walter O. Burk, attorney for plaintiffs. On December 23, 1943, Walter O. Burk wrote to Mr. Arildson, attorney for Zitek and Hoerauf, stating, "I have been retained to appeal the Moe case to the Supreme Court of the State of North Dakota." He enclosed with the letter a stipulation for a settlement of the statement of the case which he asked Arildson and Taylor to

sign and which Burk signed as attorney for the plaintiffs. Nothing further seems to have been done regarding the appeal.

On December 19, 1945, Walter O. Burk, attorney for Lewis H. Moe, Ella M. Leiseth, Ann H. Sater, Julia B. Olson and Harold M. Moe, and also as attorney for Ella M. Leiseth as administratrix of the estate of Marith J. Moe, deceased, moved the Court to vacate the judgment entered on August 9, 1943, " . . . upon the ground that said judgment is wholly void for the reason that the Plaintiffs never authorized its commencement and never knew that said action was pending." The motion was based on the records and files of the case and affidavits of four of the plaintiffs. Ann Sater, Lewis H. Moe and Harold M. Moe state they never knew Ivan V. Metzger and never knew until the Fall of the year 1944 that the action had been commenced and did not authorize Metzger or anyone to commence the action. Julia B. Olson says, "That affiant never authorized Ivan V. Metzger or anyone else to commence the above entitled action in her behalf and that she did not know at the time said action was commenced that such an action had been started; that she attended a hearing with her father at Watford City; that at the time of said hearing she did not know and was not advised that she was a party to said action; that she took no part in any of the proceedings and did not testify." The plaintiff Ella M. Leiseth makes no affidavit.

In opposition to the motion, the defendants Zitek and Hoerauf present the affidavit of J. S. Taylor who states that about the middle of June, 1941, P. C. Arildson came to his office ". . . with one Moe boy and two ladies, stating that they were children of Halvor Moe and that they were making inquiry in regard to certain real estate south of town that had belonged to their father, Halvor Moe, and that had been sold to J. J. Zitek and Chas. Hoerauf by the County of McKenzie, . . . ." The affiant also states that he advised them several times to employ an attorney and ·that they stated they were going to Williston to consult an attorney. The affiant also states that some time later Mrs. Leiseth called at his office two or three times and dis-

cussed the matter. Charles Hoerauf makes an affidavit to the effect that in December, 1940, in company with J. J. Zitek, he discussed the matter of the land with Halvor L. Moe in the presence of Julia B. Olson and that later when the matter came on for trial Julia Olson was present in the court room during all the trial, including the time when Ivan V. Metzger made his opening statement and advised the court that he was representing the plaintiffs in the action.

The findings of fact upon which judgment was ordered by the trial court contain the following paragraph:

"The Plaintiffs did not testify and the Court regards them as being bound by the testimony of Halvor L. Moe. He retained counsel for the Plaintiffs. He made the statutory deposit. At the first session of the trial, he voluntarily appeared and testified as a witness, although he was not then a party to the action, and had not been called, either by the Plaintiffs or Defendants. The exact scene in the Court Room does not appear in the transcript in which Halvor L. Moe interrupted the trial, arguing the case. He was testifying for himself for the purpose of protecting his title and ownership of the premises. The record discloses that all transactions with the County Auditor, County Commissioners, and the Defendants Zitek and Hoerauf were conducted by Halvor L. Moe and not by Betsey Misemer nor any of the Plaintiffs."

Where a duly licensed attorney at law appears in an action or proceeding it is presumed that he has authority to appear for the person for whom he assumes to act. Bacon v. Mitchell, 14 ND 454, 106 NW 129, 4 LRA NS 244; Riebold v. Hartzell, 23 ND 264, 136 NW 247; Harshey v. Blackmarr, 20 Iowa 161, 89 Am Dec 520, and note; Bunton v. Lyford, 37 NH 512, 75 Am Dec 144, and note; see also note in 16 Am Dec 98; Freeman, Judgments 5th ed § 231; Black, Judgments 2d ed § 325; 5 Am Jur 307, Attorneys at Law, § 80; 7 CJS Attorney and Client, § 73. The relationship of attorney and client is essentially one of agency and rests upon contract. The contract may be either express or it may be implied from the conduct of the parties. Healy v. Gray, 184 Iowa

111, 168 NW 222; Keenan v. Scott, 64 W Va 137, 61 SE 806. The employment of an attorney need not be made directly by the client. An agent with proper authority may employ an attorney to bring suit in the name of his principal. Swartz v. Morgan, 163 Pa 195, 29 A 974, 43 Am St Rep 786.

The principle of ratification has been frequently applied to acts of an attorney in behalf of his client. 5 Am Jur 301, Attorneys at Law, § 71; 7 CJS, Attorney and Client, § 71. The principle is applicable to the unauthorized institution of an action by an attorney in behalf of a party who with full knowledge of the action maintains silence and does not disclaim the authority of counsel to bring the suit until after an unfavorable result. In Thornton on Attorneys at Law § 238, it is said:

"The party for whom the appearance has been entered, if without knowledge of that fact, may object at anytime on being informed thereof, even after judgment. But a suitor who does not disclaim the authority of an attorney who assumes to represent him in an action after he has acquired knowledge thereof, cannot be so afterwards. He cannot take the hazard of a trial and, when unsuccessful, allege as ground for vacating the judgment that the attorney who conducted the trial had no authority."

The foregoing has been quoted as the general rule in Anderson v. Crawford, 147 Ga 455, 94 SE 574, LRA1918B 894, and August v. Collins, 265 Mich 389, 251 NW 565.

At the hearing on the motion to vacate the judgment, evidence was submitted in the form of affidavits which are inconclusive. On the one hand we have the affidavits of four of the plaintiffs to the effect that they never authorized the institution of the suit and did not know of the existence of the action until the Fall of 1944. On the other hand we have the presumption that the attorney who commenced the action was acting on proper authority. This presumption is supported by his affidavit of verification attached to the complaint stating that he was attorney for the plaintiffs. That attorney is now dead. The present attorney for the plaintiffs admitted service, as their attorney, on the notice of entry of judgment in the original action on August 9, 1943,

and later took steps toward an appeal from that judgment. No explanation is made of the inconsistency between these facts and the statements in the plaintiffs' affidavits as to when they first learned of the existence of the suit. Affidavits submitted by the defendants point to knowledge by some of the plaintiffs of the pendency of the action.

It is apparent from the findings of the trial court in the original action that he regarded Halvor L. Moe and Betsey Misemer as the real parties in interest. Upon his order, they were made parties and participated in the second section of the trial. The authority of Attorney Metzger to act for them is not questioned. They do not seek to have the judgment set aside and as to them it is conclusive.

As the record now stands uncertainty surrounds the authority of Metzger to institute the action in behalf of the plaintiffs. A further exploration of this field may remove the obscurity which surrounds his employment. There are circumstances that point to ratification of the bringing of the action by at least some of the plaintiffs but these circumstances are not definitive. This proceeding involves striking down a solemn judgment of the District Court. Such a result should not rest upon an incondite record consisting of the files in the original action and inconclusive ex parte affidavits. The taking of oral testimony, with witnesses subjected to cross-examination, may tend to clarify the obscurities of the present unsatisfactory record. We, therefore, remand this proceeding to the District Court with instructions to permit the introduction of evidence on all issues, make such further order as may to the Court seem just, and certify and return the settled record so made, to us.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.