MASTERSON & HOYT, Plaintiffs in Error, *vs.* ANTOINE LE CLAIRE, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The admission of service of a summons, where an Attorney of the Court is the party Defendant, is a private act, and the Court cannot recognize the signature of Attorneys beyond their professional acts done in performance of their duties as such. Their signature to any private paper disconnected with their business as officers of the Court, requires the same proof as that of any other individual.

It is no part of the duty of an Attorney, nor is it within his power as an Attorney, to admit service for his client, of an original process by which the Court obtains jurisdiction of his person. Such a power would require a special authority, and under that he would act as an Attorney in fact, and not as an Attorney of the Court.

The Supreme Court is designed to exercise appellate jurisdiction only, and will review the errors of courts alone, not those of the officers of Courts. Their errors may be corrected upon application to the Court in which they occur.

Points and authorities of Plaintiffs in Error :

*First.*—There is error in the rendition of judgment below, in that no proper service of the summons was had in said action, and no appearance of the said Defendants in said action. *Revised Statutes of Minnesota, page* 539, *Sec.* 54 ; 5 *Howard P. R.* 342.

*Second.*—Said judgment entered in this action is erroneous, in that the admission of service of the summons in said action does not state the time and place of said service, or admission, and the record does not show that the court had jurisdiction of the parties. *See section above cited.*

*Third.*—Said judgment is erroneous in that it is for a greater amount than was actually due upon the note set out in the complaint in said action from Defendants as appears by the records in this action.

*Fourth.*—An Attorney in fact cannot enter the appearance of a party where the party is a non-resident so as to give the Court jurisdiction as to a non-resident. 5 *How. P. R.* 342.

Points and authorties of Defendant in Error :

*First.*—The court may supply an omission in any proceeding, and amend any proceeding so that the same shall conform to the Statute. *Revised Statutes, page* 544, *Sec.* 90.

*Second.*—Any person may serve a summons, who is not a party to an action, and the return of the officer or person making the service, may be amended at any time, even after such person has ceased to be an officer, and long after the term at which the precept is made returnable ; and such amendment is allowed as of course. 17 *Pick.* 106 ; 11 *Mass.* 413 ; 16 *Illinois* 43 ; 15 *Illinois* 97 ; 13 *Pick.* 477 ; 1 *Pick.* 461 ; 1 *Pick.* 196.

*Third.*—All errors and defects and omissions that may be amended or supplied in the court below, can be amended in this court without alleging diminution of the record or send-

ing back the transcript to the court below. *Cheatham vs. Tillotson*, 4 *Johnson* 499; *Holmes vs. Reemson*, 2 *Cowen* 410; *Rey vs. Barker*, 2 *Cowen* 408; 16 *Curtis*, 593; 3 *Johnson* 95; 7 *John.* 468.

This court will not reverse a judgment of a court below, where a defect in a pleading demurred to, and the demurrer overruled was formal only, and should have been amended by the court below. *McCormick vs. Pickering*, 4 *Coms.* 276; *Bate vs. Graham*, 1 *Kernan* 237.

*Fourth.*—It is the *service* of the summons and not the proof of service that gives the court jurisdiction. *Board vs. Board*, 4 *Abbott's Prac.* 295.

From the time of the service of the summons in an action, the court has acquired jurisdiction, and has control of all subsequent proceedings. *Revised Statutes, page* 539, *Sec.* 55.

*Fifth.*—The admission in the summons in this action indorsed, is equivalent to a voluntary appearance; and therefore equivalent to a personal service of the summons. *Rev. Stat.* 539, *Sec.* 55.

Service of an order extending time to answer is equivalent to a notice of appearance. *Davis vs. Tilton*, 2 *Duer.* 648; 15 *How. Prac.* 92.

*Sixth.*—An Attorney, and an Attorney in fact acting generally for his client, or principal, can bind such principal by the form of admission of service indorsed in the summons in this action. 4 *Abbott's Prac.* 295.

The Defendant below, A. S. Hoyt, appeared virtually in this action by his Attorney, H. F. Masterson. The judgment is good in any event against Masterson. 15 *How. Prac.* 92.

*Seventh.*—When parties have been personally served with process, and permit errors in the court below to pass unnoticed and suffer default, this court will not regard error upon such judgments with favor. *Karns vs. Kunkle*, 2 *Minn. Rep.* 313; *Myers vs. Overton*, 2 *Abbott's Prac.* 344.

*Eighth.*—The contract sued upon is a Minnesota contract, and nothing appears on record to show that any party to the record is a non-resident.

W.M. Hollinshead, Counsel for Plaintiff in Error.

M. LAMPREY, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J. The Plaintiff below, Le Claire, sued the Defendants Masterson & Hoyt upon a promissory note, executed by them, Masterson signing in person and Hoyt by Masterson, his Attorney. Service of the summons in the action was admitted by the Defendants, or rather the return to the writ of error contains the following statement of that fact, on the back of the summons : " Due service of the within summons by copy of the same is hereby admitted this 11th day of April, A. D. 1859, by each of us the undersigned.

"H. F. MASTERSON,
"ALBERT S. HOYT, by
"H. F. MASTERSON, his Attorney."

After the expiration of twenty days, no appearance having been made by the Defendants, judgment was entered by default, the only proof of the service of the summons being the above admission on the back thereof.

The Defendants bring error, alleging that the record shows no service of the summons, and consequently no jurisdiction of the person of the Defendants by the court below, as the court could not take cognizance of the handwriting of the Defendants.

The Plaintiff reads an affidavit of the genuineness of the signature, and moves to amend the record by showing that fact.

The proof of service of the summons is defective as to both the Defendants. It is alleged that the Defendant Masterson is an Attorney of the District and Supreme Court, and that his signature will be judicially recognized. I do not think the recognition of the signature of Attorneys by courts, extends beyond their professional acts done in performance of their duties as Attorneys. Their signature to any private paper disconnected with their duties as officers of the court requires the same proof as that of any other individual. The admission of service of a summons where the Attorney is Defendant is as much a private act as his signature to a deed or note.

It is no part of the duty of an Attorney, nor is it within his power as an Attorney, to admit service for his client of an

original process by which the court obtains jurisdiction for the first time of his person. To exercise such a power and bind his client, he would require a special authority, and in the performance of the duty he would act as an Attorney in fact, and not as an Attorney of the court. The relation existing between the Attorney and the Defendant for whom he admitted the service would be more that of principal and agent, than Attorney and client. The latter relation only begins when the court has obtained jurisdiction of the party to the suit, and his appearance therein by Attorney. To perfect the proof of service of the process upon the Defendant, there should have been proof of the authority of Masterson to make the admission for him, and also proof of the genuineness of Masterson's signature as Attorney.

But admitting the insufficiency of the proof of service as disclosed by the record, yet the defect is an irregularity only. There is an attempt to make proof that the service was properly made, which is defective. There is no erroneous ruling of the court excepted to by the Defendant, which calls upon this court for review. The court in which the judgment was entered has full control of its records, and can set aside a judgment irregularly made up, or grant such amendments as may be necessary to correct the defects. The application should have been made below. This court is designed to exercise appellate jurisdiction only, and will review the errors of courts alone, not those of the officers of courts. The Clerk of the District Court in cases like the one at bar, enters judgment pursuant to the notice in the summons, on proof being made that the summons was personally served and that no answer has been received. If he accepts insufficient proof of the service, the way to correct the error is by motion to the court where the record is filed. If the court errs in the decision of the motion, such decision would be the subject of review in this court, under *the sixth subdivision of section eleven, pages 621 and 622 of the Public Statutes,* as an order affecting a substantial right made upon a summary application in an action after judgment.

The motion to amend the record in this court will not be entertained where the points upon which the case is brought

up, are such as this court will not take cognizance of.

The judgment is affirmed but without prejudice to an application being made in the court below for the relief sought here. Case remanded.

*Chief Justice Emmett dissents from the foregoing opinion.*