## BUTLER and another v. WAGNER.

JUSTICES OF THE PEACE, JURISDICTION OF. (1) *Jurisdiction under ch. 30, Laws of* 1870. (2) *No jurisdiction of action on note for* $100 *and interest.* (3) *Defense of forgery does not affect jurisdiction.* (4) *If justice has no jurisdiction, circuit court acquires none by appeal.* (5) *Howard v. Mansfield, criticized.*

1. Under ch. 30, Laws of 1870, and *before* ch. 142, Laws of 1871, a J. P. had no jurisdiction of an action on a note given for the payment of money or other valuable article for an amount exceeding *one hundred dollars*, unless the amount had been reduced to the last named sum by credits or payments indorsed thereon.
2. Under this provision, where the note sued on purported to be for one hundred dollars *and interest thereon*, and no credit or payment was indorsed, the J. P. had no jurisdiction.
3. A defense on the ground that the note was not "given for the sum of one hundred dollars," nor for any other sum, but was a *forgery*, would not affect the question of jurisdiction.
4. On appeal from a J. P., if the justice had no jurisdiction of the subject matter of the action, the circuit court acquires none; and it should dismiss the action on motion of either party, at whatever stage such motion may be made.
5. Per DIXON, C. J. *It seems* that the decision in *Howard v. Mansfield*, 30 Wis., 75 (where the action was upon *two* notes, each given for a sum less than $100, but on which there was due an aggregate of more than $100 and less than $200), should have been put upon the ground that sec. 6, ch. 120, R. S., was *inapplicable* to the case of a note for less than $100, and that the action was maintainable under subd. 1, sec. 5 of that chapter, as amended by sec. 1, ch. 30, Laws of 1870 (Tay. Stats., 1352, § 5, subd. 1).

APPEAL from the Circuit Court for *Grant* County.

Plaintiffs brought their action in a justice's court, in February, 1871, to recover as indorsees or holders of a promissory note, purporting to have been drawn by defendant, April 28, 1869, for $100, payable in one year from date, with interest at ten per cent. Defendant answered, denying under oath the execution of the note, and alleging that it was a forgery. Judgment for defendant for costs, from which plaintiffs appealed to

the circuit court. On the trial in that court, after the evidence was all in and the arguments of counsel concluded, plaintiffs moved to dismiss the action for want of jurisdiction in the justice, and consequent want of jurisdiction in the circuit court, of the appeal. Defendant then waived in open court all jurisdictional questions, and plaintiffs again moved the court to peremptorily dismiss the action. Defendant's counsel then stated that they made no objection to dismissing the action, on condition that plaintiffs then and there paid the costs of dismissal. Plaintiffs made no offer to pay the costs; and the court then proceeded to charge the jury, plaintiffs' counsel objecting to any further proceedings being had in the action. Verdict for defendant, and judgment thereon for costs of suit; from which judgment plaintiffs appealed.

Subd. 1 of sec. 5, ch. 120, R. S., provides that justices of the peace shall have jurisdiction of " actions arising or growing out of contract, express or implied, wherein the debt, or balance due, or damages claimed, shall not exceed one hundred dollars." Subd. 1 of sec. 6 of the same chapter provides that justices ot the peace shall also have jurisdiction of " actions on a note, bill, bond, or other instrument in writing, given for the payment of money or other valuable article, for any amount over one hundred dollars, which has been reduced, by credits or payments indorsed thereon, to an amount not exceeding one hundred dollars." Ch. 30, Laws of 1870, amends subd. 1, sec. 5 of said ch. 120, R. S., by substituting the words " two hundred dollars " for the words " one hundred dollars." Ch. 142, Laws of 1871 (which took effect April 1, 1871), amends subd. 1, sec. 6 of said ch. 120, by substituting therein the words " two hundred dollars " for the words " one hundred dollars."

*Bushnell & Clark*, for appellants, contended that the act of 1870 did not undertake to amend sec. 6, ch. 120, R. S., which, this court has held, governs as to the jurisdiction of justices in actions upon notes, and which limited the same to $100. *Felt v. Felt*, 19 Wis., 193; *Howard v. Mansfield*, 30 id., 77. The

note in this action was certainly given for more than $100. The justice, then, had no jurisdiction of the subject matter of the action, and therefore the circuit court on appeal had none. *Felt v. Felt, supra.* This court decided in the same case, on motion for a rehearing, reversing their former judgment, and following numerous other of their decisions, that in such a case the circuit court could not even render judgment for costs, being without jurisdiction to do anything but dismiss. Want of jurisdiction of the subject matter of the action can not be waived by consent or otherwise. A verdict and judgment for plaintiffs would have been void, and would have been reversed on appeal to this court, at large expense to plaintiffs. They had a right to avoid such a result by having the action dismissed on this ground, without costs.

*Barber & Clementson, contra,* contended, *inter alia,* that previous to 1870, the jurisdiction of a justice of the peace of an action upon a note given for $100 or less, was conferred by subd. 1, sec. 5, ch. 120, R. S. It was not given by sec. 6 of that chapter, for the first subdivision of that section has express reference to cases where "the note, bill, bond or other instrument in writing," was "given for the payment of money or other valuable article for any amount *over* one hundred dollars," and has been reduced by indorsement to an amount not exceeding one hundred dollars. Subd. 1, sec. 6, was enacted for no other purpose than to define when a justice might take jurisdiction of an action upon a note, or other such instrument, that had been given originally for a sum beyond his jurisdiction. That an action upon a note is an action arising on contract, within the meaning of subd. 1, sec. 5, was decided in *Howard v. Mansfield,* 30 Wis., 76. This being so, and the right to sue upon a note given for one hundred dollars or less, resting, as we have seen, entirely upon that subdivision, it follows that when chapter 30, Laws of 1870, amended that subdivision and increased the jurisdiction of a justice in an action arising out of contract, to the amount of two hundred dollars, it gave him the right to try

an action upon a note given for an amount not exceeding that sum.

If subd. 1, sec. 5, as amended, does not confer upon a justice jurisdiction of an action upon a note given for $200 or less, then there is no law conferring such jurisdiction, since it is certainly not conferred by subd. 1, sec. 6, as amended by ch. 142, Laws of 1871. That subdivision, as amended, only confers jurisdiction of an action upon a note, bill, bond or other instrument in writing given for the payment of money or other valuable article for any amount exceeding $200, which has been reduced by credits or payments indorsed thereon to an amount not exceeding $200. It does not attempt to confer jurisdiction where the note was given for $200 or under, but assumes that jurisdiction in such a case is elsewhere conferred.

DIXON, C. J. This action was instituted, tried and deter-mined before a justice of the peace, and an appeal taken from his judgment to the circuit court, when the law stood as in *Howard v. Mansfield*, 30 Wis., 75. It was so commenced, tried and determined, and the appeal taken, after the act of 1870, there spoken of, was in force, and before the act of 1871 was approved and published. It was a suit upon *one* note instead of *two* as in the case referred to, and that note was for the payment of *more than one hundred dollars.* Counsel for the defendant argue that it was not a note given for the payment of more than one hundred dollars, but to this we cannot agree. It was for the sum of one hundred dollars payable one year after date with interest at ten per cent. from date until paid, which was the same as if it had been a promise in so many words for the payment of one hundred and ten dollars one year after date.

The same counsel likewise argue that the note was not given for the payment of more than one hundred dollars, because they say it was a forgery, and so found by the jury, and therefore not given at all, or for the payment of any sum of money

or other valuable article whatsoever.  It is obvious that, for the purpose of testing the jurisdiction of the justice, which is the only question here, it is immaterial upon what ground the *validity* of the note was denied, whether of forgery or some other.  To authorize the magistrate to hear and determine the defense of *forgery*, the action must have been one in which he had jurisdiction to render judgment upon the note in case it had been found not to be a forgery, but a valid promise to pay. The jurisdiction of the justice depended upon the amount for which the note purported or was claimed to have been given, and the sum alleged to be due upon it, and not upon its invalidity, subsequently ascertained, under the defense of forgery, fraud, or any other which might be set up.

The question of jurisdiction in this case differs, therefore, from that presented in *Howard v. Mansfield*, in this, that the note here was given for an amount exceeding one hundred dollars, and had not been reduced by credits or payments indorsed thereon to an amount not exceeding that sum, and so was within the exact words of subdivision 1 of section six, withholding or excluding the jurisdiction of the justice over an action brought upon it.  We must hold, therefore, that the justice had no jurisdiction of the subject matter of the action; and, he having had none, it follows that the circuit court acquired none by the appeal, and should have dismissed the action on that ground.  *Klaise v. The State*, 27 Wis., 462, 464.  In such case it matters not by whom the want of jurisdiction is suggested, whether by the plaintiff or the defendant, or which party moves to dismiss for that reason, or at what stage of the proceedings the motion is made.  The objection is fatal whenever brought forward in the progress of the cause.

The position assumed by counsel for the defendant, that subdivision 1 of section six, as it stood prior to the act of 1871, *only* conferred jurisdiction upon a justice of an action upon a note, bill, bond, or other instrument in writing *given* for the payment of money or other valuable article, *for any amount*

*exceeding one hundred dollars, which had been reduced* by credits or payments indorsed thereon, *to an amount not exceeding one hundred dollars*, and that it *did not attempt to confer jurisdiction where the note or other instrument was given for one hundred dollars or under*, but that jurisdiction over actions on notes and bills of the latter class was conferred by subdivision 1 of section five, which by the act of 1870 had been extended to actions wherein the debt or balance due or damages claimed did not exceed *two hundred dollars*, is a new argument in support of the decision in *Howard v. Mansfield*, and no doubt a better and more satisfactory one than any adduced in the opinion in that case. It seems very clear that counsel are correct in their views and construction of the statute; for they construe according to its plain reading, which leaves no room for doubts or surmises; and, if the decision in *Howard v. Mansfield* had also been put upon this ground, it would doubtless have escaped the criticisms of which it has sometimes been the subject.

*By the Court.* — Judgment reversed, and cause remanded to the circuit court with directions that it be dismissed.