[No. 3315.   Decided May 14, 1900.]

FRANK ASHCRAFT, *Plaintiff,* v. N. POWERS, *Respondent,*
RUSSELL & Co., *Appellant.*

ATTORNEY AND CLIENT — ACCEPTANCE OF SERVICE — WHEN BINDS
CLIENT.

An attorney cannot accept service of an original process for
his client, as a part of his duty as an attorney; and a judgment
entered upon such an acceptance constitutes reversible error,
unless it is shown that special authority has been conferred
upon the attorney to exercise such power.

JUDGMENT—WHEN ERRONEOUS—FAILURE TO FILE COMPLAINT—NOTICE OF APPLICATION.

Judgment in an action is erroneous, under Bal. Code, § 4972, unless the summons and complaint therein have been filed with the clerk of the court; and, under Bal. Code, § 4886, where no notice has been given to the adverse parties of the application for the judgment.

Appeal from Superior Court, Skagit County.—Hon. JESSE P. HOUSER, Judge. Reversed.

*James Wickersham,* for appellant.

*J. C. Waugh,* for respondent.

PER CURIAM.—On March 3, 1898, the appellant, Russell & Co., caused to be filed in the superior court of Skagit county an affidavit which recited that Frank Quinby, for and on behalf of Frank Ashcraft, did, on the 15th of April, 1895, make and verify a pretended complaint, wherein Frank Ashcraft was plaintiff, and Russell & Co. and others named therein were defendants, purporting to be the commencement of an action for the foreclosure of a mechanic's lien; that more than two years had elapsed since said time; that the complaint had not been filed in the court in which it was entitled; and "that affiant is informed that Quinby claims to have delivered copies of the complaint to the various defendants at the time of the date thereof." The affidavit was accompanied by a motion asking that the action be dismissed for want of prosecution. On the following day the respondent, N. Powers, caused to be filed what is denominated an answer and cross-complaint. This was entitled "Frank Ashcraft, plaintiff, vs. J. A. J. Moore et al., defendants," and contained paragraphs purporting to admit certain parts and denying other parts of the "plaintiff's complaint," followed by a cross-complaint setting up and asking a foreclosure of a lien filed by Powers upon certain buildings

erected by the Moore Shingle & Manufacturing Company on certain lands leased by Wm. Hensley to that company. This pleading was verified on May 4, 1895, and has indorsed thereon, as of the same date, an admission of service made by one C. K. Bonestill, purporting to act as attorney for the appellant, Russell & Co. Whether the complaint referred to in this answer is the complaint in the action which Russell & Co. sought to have dismissed for want of prosecution does not appear from the record. The inference, however, would be the other way, as the affidavit filed in support of the motion to dismiss, while it purports to name all of the parties, does not name Powers as one of them. On December 1, 1898, Russell & Co. made a special appearance, and moved to quash the acceptance of service made by Bonestill, on the ground that he had no authority to appear for or represent them in that action. This motion was overruled on February 27, 1899. On March 13, 1899, and without further notice to any of the parties, judgment upon the cross-complaint foreclosing the lien of Powers was entered. Russell & Co. thereupon moved to vacate and set aside the judgment, which motion being overruled, they prosecute this appeal.

If it was true that an action had been begun by Ashcraft against the appellant and respondent by the service of a summons and complaint, and that the answer filed by Powers was an answer to the complaint in that action, the trial court erred in entering judgment on the answer without requiring such summons and complaint to be filed (Bal. Code, § 4972), and without requiring notice to be given to the adverse parties of the application for judgment (Bal. Code, § 4886). If, on the other hand, the answer was intended for an original pleading,—for a complaint,—the judgment was void for want of service of process on the adverse parties.

"It is no part of the duty of an attorney, nor is it within his power as an attorney, to admit service for his client of an original process by which the court obtains jurisdiction for the first time of his person.  To exercise such a power and bind his client, he would require a special authority, and in the performance of the duty he would act as an attorney in fact, and not as an attorney of the court." *Masterson v. Le Claire,* 4 Minn. 163.

"The principles upon which these authorities rest, is, that it is no part of the duty of an attorney, nor within the scope of his authority, to admit of service for his client, of the original process by which the jurisdiction of the court over the person of the client is first established, for until that be done, the relation of client and attorney cannot begin; nor can it be created by the act of the attorney alone.  To exercise such a power would be to act rather as an agent, or attorney in fact, than as an attorney of the court, and to give effect to it, therefore, there must needs be a special authority for it." *Starr v. Hall,* 87 N. C. 381; *Segars v. Segars,* 76 Me. 96; 3 Am. & Eng. Enc. Law (2d ed.), 323.

Inasmuch as the statute (Bal. Code, § 4883) makes a voluntary appearance of a defendant in an action equivalent to personal service of a summons upon him, it will be presumed that a voluntary appearance made by an attorney on behalf of a party in the manner pointed out by the statute (Code, § 4886) is authorized, until the contrary appears; and a judgment entered thereon will not be set aside except upon clear and convincing proof that the attorney did not have authority to appear; *McEachern v. Brackett,* 8 Wash. 652 (36 Pac. 690, 40 Am. St. Rep. 922).  But the statute does not authorize an attorney to accept service of an original process for his client, and no presumption in favor of the regularity of such an acceptance of service arises.  Hence, unless the record discloses a special authority for it ° judgment entered upon an acceptance of service of an original process by an attorney

for a defendant will be held erroneous on the appeal of the defendant from such judgment.

Reversed.