## MARY BECKLIN v. GODFREY BECKLIN.[1]

November 2, 1906.

Nos. 15,012—(183).

**Revision of Statutes.**

Changes made by a revision of the statutes will not be regarded as altering the law, unless it is clear that such was the intention, and, if the revised statute is ambiguous or susceptible of two constructions, reference may be had to prior statutes for the purpose of ascertaining the intention.

**Divorce—Summons.**

Sections 3579, 4111, 4112, R. L. 1905, made no substantial change in the law as to the service by publication of the summons in an action for a divorce.

[1] Reported in 109 N. W. 243.

**Publication of Summons.**

> An affidavit in such a case showing that personal service cannot well be made, and containing the statements required by section 4111, R. L. 1905, with the return of the sheriff that the defendant cannot be found, is sufficient to justify the making of an order by the court directing service by publication and to authorize the publication of the summons without any other or further affidavit after the order has been made.

Appeal by the plaintiff from an order of the district court for Hennepin county, Brooks, J., setting aside the service by publication of a summons. Reversed, and cause remanded with direction to hear and determine it on the merits.

*Adolph E. L. Johnson,* for appellant.

START, C. J.

Appeal by the plaintiff from an order of the district court of the county of Hennepin setting aside the service by publication of a summons in an action for divorce. She obtained an order from the court for the service of the summons by publication, which was based upon the return of the sheriff of the proper county that the defendant could not be found therein, and her own affidavit. The summons was published once in each week for six successive weeks in the newspaper, as required by law and as directed by the court. The defendant made default. The trial court, however, being of the opinion that the service by publication was not sufficient to confer jurisdiction to hear and determine the case on its merits, set aside the alleged service and declined to hear the cause. The basis of this action of the court, as we infer it from its memorandum, was that no second or additional affidavit, containing all the essential particulars required by R. L. 1905, §§ 4111, 4112, was made and filed after the order was made, and before the summons was published, and, further, that the affidavit made and filed in this case did not state all the essential particulars required by section 4111.

Is such second or additional affidavit necessary in order to confer jurisdiction, by the publication of the summons, upon the court to hear a default divorce action? This is a question of great importance; for, if it must be answered in the affirmative, it would seem logically to follow that a like affidavit in similar cases has been necessary ever

since 1869. This conclusion rests upon the proposition that the law is now substantially the same as it was then; or, in other words, that the Revised Laws of 1905 have made no substantial change in the law as to service of the summons by publication in actions for divorce. A comparison of the several statutes relating to the subject indicates quite clearly the correctness of the proposition. Section 12, c. 62, G. S. 1866 (see G. S. 1894, § 4796), was in these words:

> Copies of the summons and complaint shall be served on the defendant personally, and when such service is made out of this state, it may be proved by the affidavit of the person making the same, with the certificate of the clerk of the court of the county, to the identity of the officer taking the affidavit; but if personal service cannot well be made, the court may order service of the summons by publication, as in other actions.

It is to be noted that the last clause, "as in other actions," might have been construed as meaning that publication of the summons could be ordered as in other actions, or that when ordered publication of the summons should be made as in other actions. Section 3579, R. L. 1905, makes the meaning clear by inserting before the words "as in other actions" the words "which publication shall be made." Other than this, no change has been made in the original section. It is also to be noted that the section was silent as to how it might be made to appear to the court that personal service could not well be made. The matter was left to the judgment of the court, but in 1893 it was provided by the rules of the district court that an order for the publication of the summons in actions for divorce would only be granted upon the affidavit of the plaintiff, stating facts showing that personal service could not well be made.

At the same time that section 12, c. 62, G. S. 1866, was enacted, section 49, c. 66, G. S. 1866 (see G. S. 1894, § 5204), was enacted, which provided:

> When the defendant cannot be found within the state, of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is prima facie evidence, and upon the presentation of an affidavit of the plaintiff, his agent or attorney, to the court

or judge stating that he believes that the defendant is not a resident of the state, and cannot be found therein, if the complaint in the opinion of the judge states a good cause of action against the defendant, or shows that he is a proper party to an action relating to real property in this state, such court, or judge, may grant an order that the service be made by the publication of a summons in either of the following cases :  *  *  * Fourth: When the action is for divorce in the cases prescribed by law.  *  *  *

This last section, standing alone, apparently authorized the court to order a publication of the summons in a divorce action upon compliance with its provisions, and some doubt arose as to the proper practice to be observed in procuring an order for the publication of the summons in actions for divorce. The practice finally adopted, so far as we are advised, was to comply with both sections 12 and 49 by presenting to the court one affidavit containing the statements required by section 49, and further showing that personal service of the summons could not well be made with the return of the sheriff on the summons to the effect that the defendant could not be found. The court then made its order for publication of the summons, and it was then published as in other actions, without making and filing any other or additional affidavit.

Section 49 was amended by Laws 1869, p. 87, c. 73, so as to provide for the service of the summons by publication by the plaintiff or his attorney, without any order of the court in the cases therein named, of which an action for divorce "in the cases provided by law" was one, upon making and filing the affidavit therein required. No other changes were made by the amendment, nor by subsequent legislation, as to actions for divorce. See Laws 1878, p. 76, c. 9; Laws 1881, p. 48, c. 28; G. S. 1894, § 5204. Section 49 as so amended, being the latest expression of the legislature, seemed to authorize the service of the summons by publication in an action for divorce without any order of the court. However, the practice which obtained before the amendment was continued and an order for publication of the summons was obtained upon the return of the sheriff, and an affidavit such as we have indicated, and the summons was then pub-

lished without filing a second or additional affidavit. Limited divorces, or separation from bed and board, were authorized by Laws 1876, p. 127, c. 118, which provided that the procedure in such cases should be the same as prescribed by law in actions for a divorce from the bond of marriage.

The statutes relating to the service of the summons in actions for divorce, in force when R. L. 1905 were enacted, were as stated in sections 4796 and 5204, G. S. 1894. The change made by section 3579 in the language of section 4796, and the reason for it, we have already noted. The only change made in section 5204 by section 4112 was to strike from the fourth subdivision the words "in the cases provided by law," and add the words "or a separation from bed and board, and the court shall have ordered that service be made by published notice." It is obvious that this change of language in no manner changed the existing law or practice in such cases, and that the statement of the commissioners (see their report, page 31) that "subdivision 4 has been modified to bring it into harmony with the divorce law" is correct. It is apparent that the words "in the cases prescribed by law" were omitted because they became unnecessary when the specific provisions as to an order for publication were added; that the words "or a separation from bed and board" were inserted so that the section would include actions for a limited divorce, which were authorized after the original section was enacted; and, further, that the words "and the court shall have ordered that service be made by published notice" were added to make it certain that a party could not by complying with sections 4111 and 4112 proceed and publish the summons in an action for a divorce without obtaining an order of court directing it to be done, or, in other words, to remove all uncertainty in the language of the statute and to conform it to the construction previously given to it and the practice under it.

It would be a forced and unreasonable construction to hold that the present statute requires that, after the court orders service of the summons to be made by publication, a second affidavit should be made before complying with the order stating that the court had so ordered, for the best evidence that the court had so ordered is its original order in the office of the court. Again, any such construction would be contrary to the history and purpose of the statute and the express

provisions of section 5508, which is to the effect that the provisions of the Revised Laws, so far as they are the same as those of existing statutes, shall be construed as continuations thereof, and not as new enactments. Such a construction would also violate the settled rule of construction that changes made by a revision of the statutes will not be construed as altering the law, unless it is clear that such was the intention, and, if the revised statute is ambiguous or susceptible of two constructions, reference may be had to prior statutes for the purpose of ascertaining the intention of the legislature. State v. Stroschein, supra, page 248, 109 N. W. 235; Town v. Kelsey, 77 Vt. 258, 59 Atl. 833.

It follows that, if an affidavit for the publication of the summons states that the action is one for divorce or separation from bed and board, it is in this respect a sufficient compliance with sections 4111 and 4112, R. L. 1905, for one of the cases referred to in section 4111 is an action for a divorce, or separation from bed and board mentioned in section 4112. We therefore hold that sections 3579, 4111, 4112, R. L. 1905, have made no substantial change in the law as to the service of the summons by publication in an action for divorce, and, further, that an affidavit in such a case showing that personal service cannot well be made and containing the statements required by section 4111, with the return of the sheriff that the defendant cannot be found, is sufficient to justify the making of an order by the court directing service by publication, and to authorize the publication of the summons without any other or further affidavit after such order has been made.

The affidavit for publication in this case was not a technical compliance in all particulars with the requirements of section 4111, in that it did not state in express terms that the residence of the defendant was not known to the affiant. It did, with other matters, state

> That the defendant after being married to the plaintiff for less than one month deserted and abandoned her, and since said time, on or about the third day of December, 1900, the affiant has not heard from the defendant at all; that on numerous occasions she has attempted to ascertain his whereabouts, but none are able to give her any information in regard to the same.

That the parents and relatives of the defendant do not know whether he is dead or alive or where he is, nor have they heard from him since the said third day of December, 1900.

It is clear that the court upon this affidavit might well have declined to make the order for publication, for the affidavit should have stated in direct terms, and not argumentatively, that the place of residence of the defendant was unknown to the plaintiff. It was irregular in this respect and not to be commended as correct practice. However, it is apparent that the facts stated in the affidavit could not be true if the plaintiff knew the defendant's residence. The court in granting the order for publication necessarily construed the affidavit, and held that it was sufficient. We hold that the order and the publication of the summons must now be held valid.

The conclusion follows that the order appealed from must be reversed, and the cause remanded, with direction to the district court to hear and determine it on the merits. · So ordered.