STATE v. PATRICK DOYLE. [1]

April 30, 1909.

Nos. 16,194—(25).

**Prior Divorce Valid.**

> The defendant was convicted of nonsupport of his wife. His defense
> was that she was not his legal wife, because her divorce from her for-
> mer husband, who is still living, was void for the reason that service of
> the summons was by publication, and the judgment roll does not show
> that personal service could not well have been made. *Held*, that the
> divorce was valid.

Defendant was convicted in the municipal court of Minneapolis of
the offense of nonsupport of his wife. From the judgment of convic-
tion, Charles L. Smith, J., he appealed. Affirmed.

*M. C. Brady*, for appellant.

*Frank Healy*, City Attorney, and *John A. Dahl*, Assistant City At-
torney, for the State.

START, C. J.

The defendant was convicted in the municipal court of the city of
Minneapolis of nonsupport of his wife, upon her complaint under R.
L. 1905, § 4934, and he appealed from the judgment. His defense
was that the complainant was not his legal wife. The record shows
that the complainant was married to the defendant in July, 1904; that
she was married to William Brannan, who is still living, before she
married the defendant; that on April 9, 1903, in an action in the dis-
trict court of the county of Hennepin, wherein she was plaintiff and
her former husband was defendant, she was by the judgment of the
court granted an absolute divorce from him on the ground of desertion.
Such judgment has never been set aside. The defendant in this case
claims that the judgment is void because the court had no jurisdiction
to award it, for the reason that there was in the divorce action no legal
service of the summons, which was by publication.

The order of the court directing service of the summons by publica-
tion was based upon the return of the sheriff, showing that the defend-
ant could not be found within the county, and the affidavit of the plain-
tiff, which, so far as here material, was in these words: " * * *

The defendant cannot be found within this state, although diligent effort to find him and serve upon him the summons herein has been made, and which appears more fully from the return of the sheriff of Hennepin county, state of Minnesota, hereto annexed. That the residence of this defendant the deponent verily believes to be in the city of Apizaco, Estado de Flaxcala, commonwealth of Mexico, and that she has deposited within the post-office, city of Minneapolis, Minnesota, a true and correct copy of the summons hereto annexed, postage prepaid, addressed to the defendant at his residence above named."

The order for publication of the summons recited that: "It appearing to the satisfaction of the court by annexed affidavit, copy of the complaint, summons, and sheriff's return therein, that this action is brought for a divorce in one of the cases prescribed by law, and that this defendant cannot be found within the state of Minnesota after due and diligent effort has been made and that the residence of the said defendant is verily believed to be at the city of Apizaco, Estado de Flaxcala, commonwealth of Mexico." The findings of fact and order for judgment of the court recited that the summons was duly served on the defendant by publication, as appeared by affidavit and proof of service on file.

The contention of the defendant is that it appears upon the face of the judgment roll in the divorce action that the order of publication was void. This is the only question in this case. The statute in force when the divorce was granted (G. S. 1894, section 4796), provided that the summons in a divorce action should be served on the defendant personally; but, if personal service could not well be made, the court might order the service of the summons by publication as in other actions. The court, in the divorce action, necessarily found by its order of publication that personal service of the summons could not well be made, and its order and judgment are valid, unless it affirmatively appears upon the face of the judgment roll that personal service of the summons could have well been made. McHenry v. Bracken, 93 Minn. 510, 101 N. W. 960.

While the affidavit for publication did not state the conclusion that personal service could not well be made on the defendant, yet it did state that the defendant could not be found in the state of Minnesota, and that, as the affiant believed, his residence was in a foreign country, Mexico, at a designated city thereof, and that a true copy of the sum-

mons and complaint had been duly addressed and mailed to him. The court, in granting the order for service of the summons, must have construed this affidavit, and concluded that personal service of the summons could not well be made; that is, it was not practicable to make it. Neither the judgment nor the judgment roll affirmatively shows that personal service of the summons could well have been made. Becklin v. Becklin, 99 Minn. 307, 107 N. W. 243.

We hold that the return of the sheriff and the affidavit of the plaintiff were sufficient to justify the conclusion of the court that personal service of the summons could not well be made, and that its order that it be made by publication was valid.

Judgment affirmed.