Grace KING, Plaintiff and Respondent,

v.

Freddy MENZ, Defendant and Appellant.

No. 7522.

Supreme Court of North Dakota.

March 5, 1956.

Rehearing Denied March 29, 1956.

Leslie R. Burgum, Atty. Gen., and T. H. H. Thoresen, Asst. Atty. Gen., for appellant and for the N. D. Unsatisfied Judgment Fund.

J. K. Murray, Bismarck, for respondent.

GRIMSON, Judge.

On August 27, 1954, an action was started by Miss Grace King against one, Freddy Menz. The complaint alleges that the defendant was a resident of Poplar, Montana; that he had never been a resident of North Dakota; that he was using the highways of North Dakota for the operation of an automobile; that while so driving and operating his automobile on May

29, 1954, in Sioux County, North Dakota, on Highway No. 21, the defendant, while under the influence of intoxicating liquor, operated his automobile in a grossly negligent manner; that he drove off the highway into a ditch causing said automobile to roll over four or five times, inflicting serious injuries upon the plaintiff who was riding as a guest in his automobile. Plaintiff asks damages for such injuries.

No service of this summons and complaint was made upon the defendant. It was admitted that he had left the state immediately after the accident and never returned. On August 31, 1954, service was admitted by the "Attorney General of North Dakota, attorney for unsatisfied judgment fund for the State of North Dakota," and by the "Highway Commissioner for the State of North Dakota." Upon that service the case was tried on its merits and judgment rendered for the plaintiff. An appeal is taken by the attorney general allegedly on behalf of the defendant and the unsatisfied judgment fund.

■ At the opening of the hearing in this court a motion was made by the plaintiff to dismiss the appeal on the grounds that no statutory undertaking for costs on the appeal as required by Section 28-2709, NDRC 1943, had been served or filed. Plaintiff claimed the appeal was taken by the defendant. There is nothing in the record to show any authority for the attorney general to appear on behalf of Freddy Manz, the defendant, who was never served. It is clear, however, that this appeal was taken by the attorney general in a purely official capacity as attorney for the unsatisfied judgment fund and that no undertaking is necessary. Section 28-2719, NDRC 1943.

■ The question immediately arises whether the admission of service of the summons and complaint by the attorney general and highway commissioner without any service on the defendant gave the district court jurisdiction to proceed in this matter. The question of jurisdiction should

be investigated and decided as soon as it appears. If the court did not have jurisdiction of the matters involved the proceeding would be in vain and the judgment a nullity. It is necessary, therefore, that every court should so far entertain a case as to determine whether it has jurisdiction. Schillerstrom v. Schillerstrom, 75 N.D. 667, 697, 32 N.W.2d 106, 2 A.L.R.2d 271. Every court of general jurisdiction has power to determine whether the conditions essential to its exercise of jurisdiction exist. Texas & P. R. Co. v. Gulf, C. & S. F. R. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578.

In Harrigan v. Gilchrist, 121 Wis. 127, 99 N.W. 909, 932, the court says:

"A challenge to the jurisdiction of the trial court of the subject-matter of the action is proper at any time; and, without the question being urged by counsel. It is not only proper for this court, but *it is its duty,* to make all investigations necessary to satisfy itself in regard thereto with reasonable certainty. Pollard v. Wegener, 13 Wis. 569; Damp v. Town of Dane, 29 Wis. 419; Butler v. Wagner, 35 Wis. 54; Mathie v. McIntosh, 40 Wis. 120; Meyer v. Garthwaite, 92 Wis. 571, 66 N.W. 704; In re Klein, 95 Wis. 246, 70 N.W. 64; Burnham v. Norton, 100 Wis. 8, 75 N.W. 304, 12 Ency.Pl. & Pr. 187, 190:

"'When it appears that the court has no jurisdiction over the subject-matter of the suit, it will take notice of the defect whether *objection is made or not,* and will dismiss or stay proceedings ex mero motu, [Of ones own accord] and it is its duty to do so without determining any other matter involved in the litigation.' [Emphasis supplied.]

"The instances are very rare where any court has ventured to invade this salutary doctrine for the purpose of saving a party from the consequences, however severe. It would be difficult to assign any justification for such an

invasion that would leave it free from condemnation as an act of usurpation, as it goes to the question of power. A court is all-powerful within its jurisdiction, but is absolutely powerless in any legitimate sense when acting outside thereof."

Jurisdiction relates to the power of the court to hear and determine the matter in issue.

 "The 'subject-matter of a suit,' when reference is made to the questions of jurisdiction, means the nature of the cause of action, and the relief sought." Patterson Land Co. v. Lynn, 44 N.D. 251, 254, 175 N.W. 211, 212. To have jurisdiction the court must have the power to inquire into the facts, apply the law, and to determine and pronounce the judgment. Rasmusson v. Schmalenberger, 60 N.D. 527, 235 N.W. 496; Christenson v. Grandy, 46 N.D. 418, 426, 180 N.W. 18; Schillerstrom v. Schillerstrom, 75 N.D. 667, 698, 32 N.W. 2d 106, 2 A.L.R.2d 271; 21 C.J.S., Courts, § 23, p. 36. Baily on Jurisdiction, Section 4, p. 3.

The first question to determine in this action is whether the court has any jurisdiction over the defendant.

This is not an action that may be brought directly against the fund under Section 39–17031, 1953 Supp. NDRC 1943, when the identity of the person against whom an action for damages, resulting from the operation of a motor vehicle in this state might be brought, cannot be ascertained. The person claimed to have caused the damages in this case is known and made a defendant in this action. No service of the summons and complaint was made upon him. It appears that he was a non-resident but that does not mean that service on him can not be had. In 1935 our state legislature provided a manner of making service in cases of this kind. Section 1, Chapter 174, 1935 S.L., provides for service of a non-resident driver of a motor vehicle on the highways. It reads as follows:

"The use and operation by a non-resident or his agent of a motor vehicle upon and over the highways of the State of North Dakota, shall be deemed an appointment by such non-resident of the Commissioner of Insurance of the State of North Dakota, [This was changed to 'Highway Commissioner' in Chapter 202 S.L.1951] to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him growing out of such use or operation of a motor vehicle over the highways of this state, resulting in damages or loss to person or property, and said use or operation shall be a signification of his agreement that any such process in any action against him which is so served, shall be of the same legal force and validity as if served upon him personally. Service of such process shall be made by serving a copy thereof upon the Commissioner of Insurance [Highway Commissioner] or by filing such copy in his office, together with payment of a fee of $2.00 and such service shall be sufficient service upon the said non-resident; *provided, that notice of such service and a copy of the process are within ten days thereafter sent by registered mail by the plaintiff to the defendant at his last known address and return card requested and that the plaintiff's affidavit of compliance with the provisions of this act are attached to the summons."* (Emphasis supplied.)

The revisers of the code in 1943 wrote the first part of that section as Section 28–0611, NDRC 1943, with some changes in language and in their report to the 28th legislature made this explanation: "This section has been divided for separate statements of distinct propositions and has been revised for clarity without change in meaning."

The revisers wrote the latter part of that section which we have underlined, into a separate section, 28–0612, NDRC 1943, which has not been changed, reading as follows:

"Within ten days after service of summons as provided in section 28–

0611, notice of such service together with a copy of the summons and complaint in the action shall be sent to the defendant at his last known address by registered mail with return receipt requested, and proof of such mailing shall be attached to the summons."

The revisers' note on this section reads as follows:

· "This part of the section has been revised for clarity. Provision is also made for mailing a copy of the complaint as well as of the summons in order that the defendant may have a reasonable opportunity to know the nature of the case instituted against him."

■ This court has repeatedly held that changes in punctuation and phraseology in codification do not affect the original meaning of the law. State v. Tjaden, N.D., 69 N.W.2d 272. In State ex rel. Kositzky v. Prater, 48 N.D. 1240, 1248, 189 N.W. 334, 337, this court says:

"The general presumption obtains that the codifiers did not intend to change the law as it formerly existed, Braun v. State, 40 Tex.Cr.R. 236, 49 S.W. 620, 622; United States v. Ryder, 110 U.S. 729, 740, 4 S.Ct. 196, 201, 28 L.Ed. 308. Changes made in the revision of statutes by alteration of the phraseology will not be regarded as altering the law unless there is a clear intent so to do. [Citing cases.] In ascertaining the intention of language used in a code revision, reference may be had to the prior statute for the purpose of ascertaining the legislative intent. Becklin v. Becklin, supra [99 Minn. 307, 109 N.W. 243]; Stevens v. [Dixfield & Mexico] Bridge Co., 115 Me. 402, 99 A. 94." See also Eisenzimmer v. Bell, 75 N.D. 733, 32 N.W.2d 891; State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849, 864; Chester v. Einarson, 76 N.D. 205, 34 N.W.2d 418, 35 N.W.2d 137.

It will be noted that the original provision provided that within ten days after the service on the commissioner a notice of such service and a copy of the "process" were to be sent by the plaintiff to the defendant by registered mail. That is the duty of the plaintiff in accordance with the general practice. Clearly the intent of that provision was to make service upon the defendant and to keep him advised of the charges made. The provision as revised by the code commission makes that even clearer in providing that a copy of "the summons and complaint" must be mailed which further carries out the same intention. The revisers left out the phrase "by the plaintiff" without any indication of a change in the meaning of the law. No one else was designated to mail the process. Since having service made on the defendant has always been the duty of the plaintiff it follows that that statute as revised must be construed as a continuation of the existing statute. The duty to make the mailing as provided by the statute remained with the plaintiff.

■ There is no showing in the record that any attempt was made by the plaintiff to get service upon the non-resident defendant in the manner provided by the statute. Instead the plaintiff seems to have tried to obtain jurisdiction in this matter under the provisions of the unsatisfied judgment law, Section 39-1704, 1953 Supp. NDRC 1943, which reads as follows:

"The provisions of section 39-1703 [containing provisions for recovery from the fund] shall not apply in the case of any judgment entered by default, unless the state highway commissioner and the attorney general have been given at least thirty days notice prior to the entry of such judgment, to which notice shall be attached a copy of the summons and complaint. Upon receipt of such notice, the attorney general may enter an appearance, file a defense, appear by counsel at the trial or take such other action as he may deem appropriate on behalf

and in the name of the defendant, and may thereupon, on behalf and in the name of the defendant, conduct his defense, and all acts done in accordance therewith shall be deemed to be acts of the defendant."

It is clear that this provision applies only in a case where judgment might be obtained and collected out of the unsatisfied judgment fund. The provision for the appearance of the attorney general is only for the protection of the fund. It is his duty to see that no liability is created against the fund except by due legal proceedings and that no judgment be obtained by fraud or collusion. Section 39–1708, 1949 Supp. NDRC 1943, provides that any judgment obtained shall be assigned to the state treasurer "for the use and benefit of said fund." To protect the fund in that regard there must have been service on the defendant. Until jurisdiction of the defendant has been obtained the state, as trustee of the unsatisfied judgment fund, has no interest in the matter. None of these duties of the attorney general can arise until legal service is had of the known defendant. It is only upon such service that Section 39–1704, 1953 Supp. NDRC 1943, provides for an appearance of the attorney general and then only to carry out his duties with regard to the unsatisfied judgment fund. He has no authority to appear for any other purpose. His appearance, therefore, in the case at bar did not give the court jurisdiction of the defendant.

Neither does the fact that the attorney general allegedly answered for the defendant nor that he signed the stipulation, "that this action may be tried at the December term of the district court of Burleigh County," give jurisdiction over the defendant. The attorney general had no authority whatever from the defendant to appear for him. Jurisdiction cannot be obtained by stipulation and a judgment based thereon is void. Riebold v. Hartzell, 23 N.D. 264, 136 N.W. 247. Taylor v. Oulie, 55 N.D. 253, 212 N.W. 931.

Furthermore, it is no part of the duty of an attorney nor is it within his power as an attorney to admit service of a summons and complaint and thus confer jurisdiction over the defendant. To exercise such a power he would require a special authority from such defendant. Bradley v. Welch, 100 Mo. 258, 12 S.W. 911; Reed v. Reed, 19 S.C. 548. In Taylor v. Oulie, supra, this court held that an "attorney cannot accept legal service of a summons without special authority."

The record in this case shows that the court had no jurisdiction over the defendant.

It further appears from the record that the court had no jurisdiction of the subject-matter so as to be able to render an effective judgment. "In order for a court to have 'jurisdiction of the subject-matter,' the particular issue to be determined must be properly brought before it in the particular proceeding for determination." 21 C.J.S., Courts, § 23, p. 37. See also Baily on Jurisdiction, Sec. 7, p. 8. The court must have power to deal with the subject involved and to enter judgment thereon. Bryan v. Miller, 73 N.D. 487, 16 N.W.2d 275.

This is a damage action for injuries allegedly caused by the defendant while driving an automobile on the highways of the state. The failure to serve the defendant, the prompt service upon the highway commissioner and attorney general, the trial upon their appearance for the unsatisfied judgment fund, all indicate that the object of the action was to obtain a judgment which could be collected from the unsatisfied judgment fund of the state. In failing to get service on the defendant the plaintiff failed to bring that issue properly before the court so as to give it jurisdiction of the subject-matter and to enter judgment thereon.

There being no service on the defendant the trial court had no jurisdiction to make any order in regard to the issue raised by the complaint. It had jurisdiction neither

of the defendant nor of the subject-matter. The judgment issued under such circumstances is void.

Since the district court had no jurisdiction to render any judgment in the matter it is not proper for us to pass on the matters raised on the appeal.

The case is remanded to the district court with directions to set aside the judgment and dismiss the action.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.